# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1-21-cv-01382-NYW

ANDREW SCHOBER,

    Plaintiff,

  v.

BENEDICT THOMPSON, OLIVER READ,
EDWARD J. THOMPSON, CLAIRE L. THOMPSON,
PAUL READ, AND HAZEL DAVINA WELLS,

    Defendants.

## MOTION TO DISMISS

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Benedict Thompson, Edward J. Thompson, and Claire L. Thompson move this court to dismiss Plaintiff's lawsuit on the basis that Plaintiff has failed to file his lawsuit prior to the lapse of the applicable statutes of limitations.

### Introduction

Where the applicability of an affirmative defense is clear from the face of a plaintiff's complaint, a defendant may move to dismiss the complaint pursuant to Rule 12(b)(6).  Here, Plaintiff Andrew Schober has alleged that in January 2018, approximately $1 million worth of bitcoin was stolen from him by Defendants Benedict Thompson and Oliver Read.  His complaint shows that he was immediately aware of the theft and that he was aware that it was caused by the installation of malware upon his computer.

Taking all of Plaintiff's facts as true, thus, his claims began to accrue in January 2018. Plaintiff alleges two common law causes of action (conversion and trespass to chattel), for which

1

a three-year statute of limitations applies. Plaintiff further alleges a federal statutory cause of action, for which a two-year statute of limitations applies. However, Plaintiff did not file his lawsuit until May 21, 2021, three years and five months after his injury. Accordingly, his claims against Defendants ought to be dismissed.

## Motion to Dismiss Standard

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), the court is to assess "whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Martinez v. City & Cty. of Denver*, No. 08-CV-01503-PAB-MJW, 2010 WL 1380529, at *2 (D. Colo. Mar. 31, 2010) (quoting *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003). The court is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

A party may utilize Rule 12(b)(6) to seek dismissal of a complaint on the basis of the applicability of an affirmative defense where the "defense is clear from the face of the complaint." *Martinez,* 2010 WL 1380529, at *3. Rule 12(b)(6) can be properly invoked with respect to noncompliance with the limitations period where the complaint "on its face indicates the existence of an affirmative defense." *Bullington v. United Air Lines, Inc.,* 186 F.3d 1301, 1311 n.3 (10th Cir. 1999), *overruled on other grounds by Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002); *see also Cosgrove v. Kansas Dept. of Social and Rehabilitation Services*, 332 F. App'x 463, 467 (10th Cir.2009) (unpublished) ("[T]he statute of limitations is an affirmative defense, and to dismiss a claim pursuant to Rule 12(b)(6) on this basis it must be clear from the face of the complaint that the claims are time-barred.").

**Facts**

Taking Plaintiff's facts as true, as is required, Plaintiff's bitcoin was stolen in January 2018:

- Plaintiff's "computer became infected with the Malware after Benedict or Oliver or both posted a link to software" on a website.  Complaint at ¶ 25.

- "The Malware developed by Benedict and/or Oliver was downloaded and installed on Mr. Schober's computer in or about January 2018."  Complaint at ¶ 36.

- "As soon as the Malware was installed on Mr. Schober's hard drive, the Malware began monitoring his computer activity."  Complaint at ¶ 27.

- "That same month, 16.4552 bitcoins were stolen from Mr. Schober's computer."  Complaint at ¶ 37.

- "Blockchain records indicate that in or about January 2018 approximately 16 bitcoins – which were among the underlying 16.4552 bitcoins stolen from Mr. Schober – were transferred from Mr. Schober's cryptocurrency (Bitcoin) wallet to the Malware Address."  Complaint at ¶ 42.

- "The Bitcoin blockchain record shows that in or about February 2018 Mr. Schober's cryptocurrency was transferred" to an address purportedly used by Defendants.  Complaint at ¶ 40.

According to Plaintiff, he was immediately deprived of use of his property and was aware of the theft:

- "The deployment of the Malware on Mr. Schober's computer and the subsequent theft of Mr. Schober's cryptocurrency was devastating for Mr. Schober.  He did not

3

eat or sleep for days afterward and has been in a severe state of distress for the past three years." Complaint at ¶ 3.

- "Mr. Schober has been deprived of the possession and use of his cryptocurrency for three years." Complaint at ¶ 82.

Plaintiff investigated and identified the individuals he believed stole his bitcoin by December 2019, at the latest.

- "In or about December 2019, Mr. Schober emailed a letter to the Thompson Defendants demanding that they return the cryptocurrency stolen from Mr. Schober." Complaint at ¶ 51.

- "In or about October 2018, Mr. Schober emailed a letter to the Read Defendants demanding that they return the cryptocurrency stolen from Mr. Schober." Complaint at ¶ 57.

**Authorities and Argument**

Here, the Plaintiff has alleged two common law causes of action, conversion and trespass to chattel, and a federal statutory cause of action based upon the alleged theft of his bitcoin. The statute of limitations for the common law causes of action is three years. *See* C.R.S. § 13-80-101(1)(h) (stating a three-year statute of limitations applies for "all actions of replevin or for taking, detaining, or converting goods or chattels"). The statute of limitations for the Computer Fraud and Abuse Act is "two years of the date of the act complained of or the date of discovery of the damage." 18 U.S.C. § 1030(g).

While the statute of limitations itself is a state law matter, "federal law rather than state law determines when a cause of action accrues." *Brown v. Shoe,* No. 17-cv-03038, 2018 WL 3363734 (D. Colo. Jul. 10, 2018) (*citing Indus. Constructors Corp. v. U.S. Bureau of*

4

*Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Under federal law, the statute of limitations begins running once "the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Indus,* 15 F.3d at 969. "Whether a [Colorado] statute of limitations bars a particular claim is a question of fact, but the issue may be decided as a matter of law if undisputed facts demonstrate that the plaintiff had the requisite information as of a particular date." *Conry v. Barker*, No. CV14CV02672CMAKLM, 2015 WL 5636405, at *11 (D. Colo. Aug. 11, 2015), *report and recommendation adopted*, No. 14-CV-02672-CMA-KLM, 2015 WL 5608133 (D. Colo. Sept. 24, 2015) (quoting *Burns v. Mac,* No. 13–cv–2109–WJM–KLM, 2014 WL 1242032, at *11 (D. Colo. Mar. 26, 2014 and *Trigg v. State Farm Mut. Auto. Ins. Co.,* 129 P.3d 1099, 1101 (Colo. App. 2005)).

"Claims accrue and the statute of limitations begins to run when the Plaintiff knows or has reason to know of the **existence and cause of the injury** which is the basis of his action." *Alexander v. Oklahoma,* 382 F.3d 1206, 1215 (10th Cir. 2004) (internal quotations and brackets omitted) (emphasis added). "A plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Alexander,* 382 F.3d at 1216. Additionally, a plaintiff may not wait to file his lawsuit until he knows "all of the evidence ultimately relied on for the cause of action to accrue." *Id.* The discovery rule does not "delay[] accrual of a cause of action until a plaintiff has detailed knowledge of the level of culpability of each of the actors involved." *Id.* "To start the running of the statute of limitations," Tenth Circuit case law "requires nothing more" than knowledge of injury and the general cause of the injury. *Id.*

Taking Plaintiff's allegations as true, Plaintiff's computer became infected with Malware when he inadvertently downloaded or installed it in January 2018. *See* Complaint at ¶¶ 25, 27, 36. In January 2018, all of Mr. Schober's bitcoin was stolen off of his computer. *See Complaint*

5

at ¶¶ 37, 42.  Mr. Schober was immediately aware that his bitcoin had been stolen.  *See* Complaint at ¶ 3.  Mr. Schober investigated further as to the identities of the thieves and determined that Defendants were at fault in October 2018, or December 2019 at the latest.  *See* Complaint at ¶¶ 57, 51.

In summary, Plaintiff knew or had reason to know that his bitcoin had disappeared from his cryptocurrency wallet in January 2018. While for purposes of a motion to dismiss, the court is required to accept "all facts pleaded by the non-moving party as true and grants all reasonable inferences from the pleadings in that party's favor," it is not reasonable to assume that Plaintiff did not know that bitcoin in the amount of "approximately $1 million" and "95% of his net worth" was stolen from him immediately. *Sanders v. Mountain America Fed. Credit Union,* 689 F.3d 1138, 1141 (10th Cir. 2012).  And because bitcoin is an electronic currency, existing and transferred electronically only and not physically, Plaintiff was unquestionably on notice immediately that the cause of the theft was the invasion of some sort of his computer.  Even if it were true that Plaintiff did not know immediately, a reasonable person should become aware of theft of nearly all his assets in very short order and should timely investigate the cause. Plaintiff's knowledge of his injury and its general cause in January 2018 was sufficient to start the clock on his causes of action.

Plaintiff filed his lawsuit on May 21, 2021, well over three years after his claims began to accrue.  Plaintiff directly acknowledges this fact: he states that he "has been deprived of the possession and use of his cryptocurrency for three years," and the deployment of malware and theft has caused "a severe state of distress for the past three years."  Complaint at ¶¶ 82, 3.  The statute of limitations for his common law claims is three years, and for his federal statutory claim is two years.  Plaintiff did not file in time, and Plaintiff's claims must be dismissed.

6

## Conclusion

Here, as is apparent from the Plaintiff's Complaint, he knew of the alleged theft instantaneously. Despite his knowledge of his injury and the general cause thereof, Plaintiff waited to file his lawsuit beyond the two and three years required of him by the applicable statutes of limitations. For this reason, Plaintiff's claims against Defendants must be dismissed.

Wherefore, Defendants Benedict Thompson, Edward J. Thompson, and Claire L. Thompson request that this court dismiss Plaintiff's Complaint against them, with prejudice to refiling.

Dated this 1st day of July, 2021.

FELDMANN NAGEL CANTOFIO & SONG PLLC

*/s/Sarah Jackson Donahue*
Sarah Jackson Donahue. No. 45212
Feldmann Nagel Cantafio & Song PLLC
1875 Lawrence St., Suite 730
Denver, Colorado 80202
Telephone: (303) 813-1200
Facsimile: (303) 813-1201
Email: sdonahue@fncslaw.com

**Attorneys for Defendants Benedict Thompson, Edward J. Thompson, and Claire L. Thompson**

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following individuals with the following email addresses:

Samuel Jonathan Leake Ballard
Stephen David Palley
Anderson Kill PC
1717 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006
sballard@andersonkill.com
spalley@andersonkill.com
***Attorneys for Plaintiff Andrew Schober***


Oliver Read
Oliverread2001@gmail.com
***Defendant***

                                                          /s/*Sarah Jackson Donahue*
                                                         Sarah Jackson Donahue