IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-01382-NYW

ANDREW SCHOBER

       Plaintiff,

v.

BENEDICT THOMPSON, OLIVER READ,
EDWARD J. THOMPSON, CLAIRE L.
THOMPSON, PAUL READ, and HAZEL
DAVINA WELLS,

       Defendants.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The following parties met and conferred on July 6, 2021.

Plaintiff Andrew Schober, through counsel Stephen Palley and Samuel Ballard of the firm Anderson Kill LLP, 1717 Pennsylvania Avenue NW, Suite 200, Washington, DC 20006. Counsel's phone number is (202) 416-6500.

Defendants Benedict Thompson, Claire L. Thompson, and Edward J. Thompson, through counsel Sarah Donahue of the firm Feldman Nagel Cantafio & Song PLLC, 1875 Lawrence Street, Suite 730, Denver, CO 80202.  Counsel's phone number is (303) 813-1200.

Defendants Oliver Read and Hazel Davina Wells, *pro se*, residing at 81 Oakleigh Road, Clayton, Bradford, West Yorkshire, 8D14 6NP, United Kingdom.

Defendant Paul Read, *pro se*, residing at 10 Brook Lane, Clayton, Bradford, 8D14 6PH, United Kingdom.

The Order Setting Scheduling/Planning Conference and Setting Deadline for Filing of Consent/Nonconsent Form entered by the Court on June 25, 2021 (ECF No. 7) ("June 25 Order") ordered the parties to hold a pre-scheduling conference meeting on or before June 28, 2021, *i.e.*, 21 days before the Rule 16(b) conference scheduled for July 20, 2021.  At the time the June 25 Order was issued, however, none of the Defendants or their counsel had appeared, and Plaintiff did not possess the email addresses or phone numbers necessary to schedule a conference with the foreign defendants within four days.  Later, on July 6, 2021, all parties attended the Rule 26 meeting via Zoom regarding the scheduling conference and order, the magistrate appointment and consent, and the pending motions to dismiss.

## 2.  STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 (exclusive of costs and interest) and the Plaintiff is completely diverse from Defendants, as Plaintiff is a resident of Colorado and each of the Defendants is a resident of the United Kingdom.  The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims because the claims are derived from a common nucleus of operative facts.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiffs:

Conversion (against all Defendants) of 16.4552 bitcoins from Plaintiff.

Trespass to Chattel (against all Defendants): interference with the physical condition of and Plaintiff's possession of his computer and cryptocurrency wallet.

Civil Conspiracy (against all Defendants) to commit the above-named torts.

Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (all Defendants).

b.  Defendants:

Plaintiff's claims are barred by the applicable statutes of limitations.

Plaintiff's claims are barred by the doctrines of consent and assumption of the risk.

Plaintiff's claims are barred by Plaintiff's contributory negligence.

Plaintiff's claims are barred by the doctrine of laches.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

The parties agree that it is premature to determine which facts are not in dispute while the Defendants' motions to dismiss are pending.

## 5. COMPUTATION OF DAMAGES

Money damages in an amount to be proven, but sufficient to compensate Plaintiff for his losses, including:

i.  The value of the 16.4552 bitcoins stolen from Plaintiff.  The cryptocurrency was worth approximately $1 million during the period in which the Complaint was filed.

ii.  The cost of Plaintiff's investigation of the theft, *i.e.*, approximately $10,000.

At this time, Defendants have not alleged any counterclaims for which any Defendant claims damages.  Defendants reserve the right to amend their disclosures accordingly.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting.

July 6, 2021.

b.  Names of each participant and party he/she represented.

Stephen Palley and Samuel Ballard for Plaintiff Andrew Schober.

Sarah Donahue for Defendants Benedict Thompson, Claire Thompson, and Edward Thompson.

Defendant Oliver Read, pro se.

Defendant Hazel Davina Wells, pro se.

Defendant Paul Read, pro se.

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties will make their Rule 26(a)(1) disclosures on or before August 3, 2021, in accordance with the June 25 Order.

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e.   Statement concerning any agreements to conduct informal discovery:

The parties will discuss informal discovery after the pending motions to dismiss are resolved.

f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties will discuss other agreements after the pending motions to dismiss are resolved.

g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties anticipate that a substantial amount of disclosure or discovery will take place in electronic form, and the parties have discussed and agreed that they will preserve electronic information in their possession which may be relevant to this case. The parties will further discuss electronic discovery after the pending motions to dismiss are resolved.

h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties will discuss possibilities for promptly settling or resolving the case after the pending motions to dismiss are resolved.

## 7.  CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None.

b.      Limitations which any party proposes on the length of depositions.

The parties will adhere to the deposition length limitation in Fed. R. Civ. P. 30(d)(1).

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Requests for production will be limited to twenty-five (25) requests.  Requests for admission will be limited to twenty-five (25) requests.

d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Interrogatories, Requests for Production of Documents, and Requests for Admission shall be served no later than 21 days after the date that the pending motions to dismiss are disposed.

d.      Other Planning or Discovery Orders

The parties will other planning or discovery orders after the pending motions to dismiss are resolved.

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

The deadline for joinder of parties and amendment of pleadings shall be no later than 45 days after the date that the pending motions to dismiss are disposed.

6

b.    Discovery Cut-off:

Discovery shall be completed no later than 120 days after the date that the pending motions to dismiss are disposed.

c.    Dispositive Motion Deadline:

Dispositive motions shall be filed no later than 180 days after the date that the pending motions to dismiss are disposed.

d.    Expert Witness Disclosure

1.    The parties anticipate expert testimony on topics of cybersecurity and cryptocurrency valuation.

2.    The parties propose limiting expert testimony to testimony from two expert witnesses and two rebuttal expert witnesses.

3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before a date to be determined after the pending motions to dismiss are disposed. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before a date to be determined after the pending motions

7

to dismiss are disposed.. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

e.    Identification of Persons to Be Deposed and estimated deposition lengths:

Oliver Read – 7 hours.
Benedict Thompson – 7 hours.
Hazel Davina Wells – 1 hour.
Paul Read – 1 hour.
Edward J. Thompson – 1 hour.
Claire L. Thompson – 1 hour.
Andrew Thompson – 7 hours.

The above lengths are estimates and the parties reserve the right to conduct each deposition up to the maximum time allowed by Fed. R. Civ. P. 30(d)(1).

## 10.  DATES FOR FURTHER CONFERENCES

a.   Status conferences will be held in this case at the following dates and times:

_____.

b.   A final pretrial conference will be held in this case on _____at o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

At this time, there are no discovery or scheduling issues on which the parties could not agree.  The parties will further discuss discovery after the pending motions to dismiss are disposed.

b.  Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a jury trial lasting up to 5 days.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ____day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/ Samuel Ballard* | */s/ Sarah Jackson Donahue* |
| Stephen Palley | Sarah Donahue |
| Samuel Ballard | FELDMAN NAGEL CANTAFIO & SONG |
| ANDERSON KILL LLP | PLLC |
| 1717 Pennsylvania Ave. NW | 1875 Lawrence Street, Suite 730 |
| Suite 200 | Denver, CO 80202 |
| Washington, DC 20006 | Tel. (303) 813-1200 |
| Tel. (202) 416-6500 | Email:  sdonahue@fncslaw.com |
| Email: spalley@andersonkill.com | |
|          sballard@andersonkill.com | *Attorney for Defendants Benedict* |
| | *Thompson, Claire L. Thompson, and* |
| *Attorneys for Plaintiff Andrew Schober* | *Edward J. Thompson* |

*/s/ Oliver Read*

Oliver Read
81 Oakleigh Road
Clayton, Bradford, West Yorkshire
8D14 6NP
United Kingdom
Email:  oliverread2001@gmail.com

*Defendant, pro se*

*/s/ Hazel Davina Wells*

Hazel Davina Wells
81 Oakleigh Road
Clayton, Bradford, West Yorkshire
8D14 6NP
United Kingdom
Email:  hazelwells44@gmail.com

*Defendant, pro se*

11

_/s/ Paul Read_
Paul Read
10 Brook Lane,
Clayton, Bradford, West Yorkshire
8D14 6PH
United Kingdom
Email:  paulread66@aol.co.uk

_Defendant, pro se_