IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 1:21-cv-01382-NYW

ANDREW SCHOBER,

        Plaintiff,

    v.

BENEDICT THOMPSON, OLIVER READ,
EDWARD J. THOMPSON, CLAIRE L.
THOMPSON, PAUL READ, and HAZEL
DAVINA WELLS,

        Defendants.

**OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

**INTRODUCTION**

When Andrew Schober discovered that his cryptocurrency—representing almost all his wealth and the means of pursuing his future dreams—was missing, he was devastated. Initially, Mr. Schober did not know why or how his assets were missing, so for some anxious years, Mr. Schober investigated. Mr. Schober's diligent investigations eventually bore fruit. In 2018, he learned that his cryptocurrency had been stolen by a university student named Oliver Read. Mr. Schober kept investigating, and in 2019 he learned that another thief, Benedict Thompson, was involved as well.

Mr. Schober wrote letters to both teenagers and—because they were minors at the time—their parents, too, demanding that the boys return his cryptocurrency. Neither

family denied the fact of the theft; neither family even responded to Mr. Schober.[1] So Mr. Schober filed this suit.

The defendants now move to dismiss, mustering no argument other than to say that Mr. Schober waited too long to sue them because, they argue, the clock began to run on the statute of limitations as soon as Mr. Schober's cryptocurrency was stolen.[2] The defendants ignore the allegations in the Complaint describing when Mr. Schober learned of his injury and its cause, and the diligent investigation that led to those discoveries. Mr. Schober learned of his injury and its cause less than three years before he filed his Complaint, a fact that discovery will prove and—more importantly—which the Complaint does not contradict. As such, dismissal at the pleading stage would be inappropriate, and the defendants' motions to dismiss should be denied.

## BACKGROUND

A full statement of facts is not set out here because the Complaint and the facts it contains speak for themselves. Certain facts, however, bear repeating:

---

[1] This, despite the Defendants (Mr. Thompson and Mr. Oliver Read) being investigated by a UK police cybercrimes unit for the offense, as discovery will show.

[2] Defendant Oliver Read, *pro se*, filed a motion to dismiss on June 28, 2021 (ECF No. 8). Defendant Hazel Wells, *pro se*, also filed a motion to dismiss on June 28, 2021 (ECF No. 9). Defendants Benedict Thompson, Edward J. Thompson, and Claire L. Thompson, through counsel, filed a motion to dismiss on July 1, 2021 (ECF No. 11). On July 8, 2021, defendant Paul Read filed a joinder (ECF No. 16) in the Thompson defendants' motion. The motions are substantially identical in substance and form, and this omnibus Opposition responds to all of them. For this reason, and for the sake of efficiency, references to "Mot." herein are to the Thompson defendants' motion (ECF No. 11), but the arguments made in this Opposition apply in equal force to all three motions.

- The malware used to steal Mr. Schober's cryptocurrency "conceals its existence using an encryption technique that obfuscates the Malware's XOR strings." Compl. ¶ 32.

- "Blockchain tracing analyses and investigations revealed that Defendants Benedict and/or Read controlled the Malware Address during the relevant period." Compl. ¶ 39.

- "Blockchain tracing analyses and investigations revealed that one or more of the Defendants controlled the Launder Address during the relevant period." Compl. ¶ 41.

- "In or about December 2019, Mr. Schober emailed a letter to the Thompson Defendants demanding that they return the cryptocurrency stolen from Mr. Schober." Compl. ¶ 51.

- "In or about October 2018, Mr. Schober emailed a letter to the Read Defendants demanding that they return the cryptocurrency stolen from Mr. Schober." Compl. ¶ 57.

- "Mr. Schober spent in excess of $10,000 investigating who accessed his computer and damaged information on it." Compl. ¶ 104.

## ARGUMENT AND AUTHORITIES

### A. The motions to dismiss should be denied.

In deciding a motion to dismiss, "all well-pleaded factual allegations in the ... complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). "[T]he statute of

3

limitations is an affirmative defense, and to dismiss a claim pursuant to Rule 12(b)(6) on this basis it must be clear from the face of the complaint that the claims are time-barred." *Cosgrove v. Kansas Dept. of Social and Rehabilitation Services*, 332 F. App'x 463, 467 (10th Cir. 2009) (unpublished).  Stated differently, dismissal based on the statute of limitations is only appropriate where a plaintiff has pleaded himself out of court.  Mr. Schober has not.

The defendants are correct that the limitations period for Mr. Schober's common law conversion and trespass to chattel claims is three years, and that the limitations period for his Computer Fraud and Abuse Act claim is two years.  *See* Mot. at 4-5.  The defendants are also correct that "[c]laims accrue and the statute of limitations begins to run when the Plaintiff knows or has reason to know of the **existence and cause of the injury** which is the basis of his action."  Mot. at 5 (emphasis in original) (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004)).  Inherent in this concept is the discovery rule:  that the statute of limitations does not begin to run until the plaintiff knows or has reason to know of both the existence and cause of his injury.

Here, the four corners of the Complaint contain nothing to suggest that Mr. Schober knew or should have known both (i) his injury, *i.e.*, that his cryptocurrency was missing as the result of wrongdoing, rather than because of some other reason; and (ii) its cause, *i.e.*, that Benedict Thompson and Oliver Read had stolen it.  The defendants' arguments to the contrary are conclusory and ignore the reasonable inferences that must be drawn in Mr. Schober's favor at the pleading stage.  *See Sanders v. Mountain America Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (citing principle that the court

4

must make "all reasonable inferences from the pleadings in [the non-moving party's] favor").

First, the defendants argue without basis that "it is not reasonable to assume that Plaintiff did not know that bitcoin in the amount of 'approximately $1 million' and '95% of his net worth' was stolen from him immediately." Mot. at 6. The defendants' argument fails to discern the difference between *missing* and *stolen*, and that Mr. Schober took action to learn what had happened to his missing cryptocurrency by engaging in more than $10,000 worth of investigative efforts. *See* Compl. ¶ 104. Contrary to the defendants' "reasonable" inference, the reasonable inference is that Mr. Schober would not spend $10,000 investigating what happened to his missing cryptocurrency if he "immediately" knew what had happened.

The defendants next argue—again without basis—that "because bitcoin is an electronic currency, existing and transferred electronically only and not physically, Plaintiff was unquestionably on notice immediately that the cause of the theft was the invasion of some sort of his computer." Mot. at 6. Once again, the defendants ignore the allegations in the Complaint. As the Complaint clearly pleads, the malware used to steal Mr. Schober's cryptocurrency "conceals its existence using an encryption technique that obfuscates the Malware's XOR strings." Compl. ¶ 32. Because the malware was specifically designed not to be noticed, it is not reasonable to infer that Mr. Schober was "on notice immediately" of what had happened to his cryptocurrency. Rather, the Complaint's clear allegations that "analyses and investigations" were necessary to reveal

5

the cause of the loss (*id.* ¶¶ 39, 41, 104) indicate that Mr. Schober did *not* immediately know the cause of the loss.

Finally, the defendants argue that "[e]ven if it were true that Plaintiff did not know immediately, a reasonable person should become aware of theft of nearly all his assets in very short order and should timely investigate the cause." Mot. at 6. Yet again, the defendants ignore the difference between a loss and a loss caused by wrongdoing—that is, a theft. The defendants are correct, however, that Mr. Schober should have timely investigated—which he did. And he pleaded that he did. Compl. ¶¶ 39, 41, 104. Once that diligent and expensive investigation gave Mr. Schober notice of the cause of his injury, he contacted the Reads and then the Thompsons to demand the return of his assets. Compl. ¶¶ 51, 57.

The Complaint contains no allegations indicating that Mr. Schober knew or should have known of his injury and its cause more than three years before he filed his complaint. On the contrary, the Complaint pleads that Mr. Schober took great pains and expended significant resources to investigate and discover the concealed cause of his injury, and upon learning the cause, he took swift action to contact the defendants to demand the return of his cryptocurrency. Dismissal would be inappropriate at the pleading stage because the Complaint's well-pleaded facts and the reasonable inferences to be drawn (in favor of Mr. Schober) from them do not show, on the face of the Complaint, that Mr. Schober's claims are time-barred. For this reason, the motions to dismiss should be denied.

In the alternative, even if the statute of limitations began to run as of the date of the theft itself, which Mr. Schober does not concede, the doctrine of equitable tolling – well-established under Colorado law – can and should prevent Defendants from using their unlawful conduct, which concealed their identities, from barring Plaintiff's claim.

As the Colorado Supreme Court explained in *Morrison v. Goff*:

> Tolling is a principle independent from accrual. The tolling of a statute of limitations will either "delay the start of the limitations period" or suspend the running of the limitations period if the accrual date has passed. Courts apply the doctrine of equitable tolling to suspend a statute of limitations period when "flexibility is required to accomplish the goals of justice." For example, we have tolled the statute of limitations when plaintiffs did not timely file their claims because of "extraordinary circumstances" or because defendants' wrongful conduct prevented them from doing so. Id. at 1096–97.

91 P.3d 1050, 1053 (Colo. 2004) (*en banc*) (internal citations omitted).  This doctrine plainly applies here, where the very nature of the conduct at issue involved Defendants' concealing their identities from Plaintiff, necessarily preventing him from identifying them, suing them,  and serving them with the Summons and Complaint.

Thus, even if it were true that the relevant statutes of limitation were triggered on the date of the unlawful conduct that is at issue here, limitations can and should be equitably tolled until Plaintiff was able to learn Defendants' identities.  Failing to toll the statute during the period in which Defendants successfully concealed their identity would result in great inequity, as it would effectively reward wrongdoers for their successful concealment.  Tolling those dates until the dates set forth above, Plaintiff's claims fall well within the statutory period to file suit for the claims set forth in the Complaint.  *See also Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094 (Colo. 1996) (en banc) (Citing cases and noting "[w]e have applied the doctrine of equitable tolling where the defendant's

7

wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner."); *and see S Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 853 (Colo.1992) (citing cases).

**B. If the motions to dismiss are granted, Mr. Schober should be given leave to replead.**

"Generally, a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is granted concomitantly with leave to replead under Fed.R.Civ.P. 15, unless it is apparent that leave to amend of [*id.*] the pleadings would be unduly prejudicial or futile."  *Lala v. Frampton*, No. CIVA 07CV02144MSKCBS, 2008 WL 4059874, at *5 (D. Colo. Aug. 28, 2008).  If the defendants' motions to dismiss are granted, it would be on the assumption that Mr. Schober knew of his injury and its cause more than three years ago—which he did not. The fact that he did not, and the fact of when he did know of his injury and its cause, would be shown in discovery.  The particulars of Mr. Schober's investigations are well-documented and demonstrate the viability of Mr. Schober's claims.  If the motions to dismiss are granted and the case does not proceed to discovery at this time, that information could readily be used to bolster an amended complaint with facts demonstrating that Mr. Schober did not have knowledge of his injury and its cause more than three years ago, and when he did have such knowledge.  Thus, it would not be futile to replead.

Nor would it be unduly prejudicial to the defendants for Mr. Schober to replead. The defendants are on full notice of Mr. Schober's claims and the basis for them and have been since at least when Mr. Schober first wrote to them to demand the return of his

8

stolen cryptocurrency. *See* Compl. ¶¶ 51, 57. Moreover, all defendants are now engaged in the litigation and have either retained counsel or been referred to resources to assist in their defense.

## CONCLUSION

Because nothing in the Complaint demonstrates that Mr. Schober's claims are time-barred, the defendants' motions to dismiss should be denied.

Dated: July 30, 2021                **ANDERSON KILL, LLP**

By: /s/ Stephen Palley
Stephen Palley
Samuel Ballard

1717 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006
Telephone: (202) 416-6500
Fax: (202) 416-6555
*spalley@andersonkill.com*
*sballard@andersonkill.com*

*Attorneys for Plaintiff Andrew Schober*