**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1-21-cv-01382-NYW

ANDREW SCHOBER,

        Plaintiff,

    v.

BENEDICT THOMPSON, OLIVER READ,
EDWARD J. THOMPSON, CLAIRE L. THOMPSON,
PAUL READ, AND HAZEL DAVINA WELLS,

        Defendants.

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Benedict Thompson, Edward J. Thompson, and Claire L. Thompson hereby submit this Reply in Support of Motion to Dismiss.

**Introduction**

Plaintiff Andrew Schober alleges that in January 2018, approximately $1 million worth of bitcoin was stolen from him by Defendants Benedict Thompson and Oliver Read.  His complaint shows that he was immediately deprived of his cryptocurrency and aware that it was gone:

- "The deployment of the Malware on Mr. Schober's computer and the subsequent theft of Mr. Schober's cryptocurrency was devastating for Mr. Schober.  He did not eat or sleep for days afterward and has been in a severe state of distress for the past three years."  Complaint at ¶ 3.

- "Mr. Schober has been deprived of the possession and use of his cryptocurrency for three years."  Complaint at ¶ 82.

Plaintiff alleges two common law causes of action (conversion and trespass to chattel), for which a three-year statute of limitations applies.  Plaintiff further alleges a federal statutory cause of action, for which a two-year statute of limitations applies.  Because Plaintiff did not file his lawsuit until May 21, 2021, three years and five months after his injury, his claims should be dismissed.

## I.   *Plaintiff had knowledge of the facts essential to his causes of action immediately, or in the exercise of diligence, should have had knowledge immediately.*

"A cause of action for wrongful possession of personal property, goods, or chattels shall accrue at the time the wrongful possession is discovered or should have been discovered by the exercise of reasonable diligence." C.R.S. § 13-80-108(7).  "Dictionaries define 'knowledge' as 'an awareness or an understanding' and 'actual knowledge' as '[an awareness or an understanding] of such information as would lead a reasonable person to inquire further.'" *Sulca v. Allstate Ins. Co.*, 77 P.3d 897, 900 (Colo. App. 2003) (citing *Black's Law Dictionary* 876 (7th ed.1999); *Webster's Third New International Dictionary* 1252 (1986)).

"[T]he statute of limitations begins to run when the claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another." *Mastro v. Brodie,* 682 P.2d 1162, 1168 (Colo. 1984). "The point of accrual of a statute of limitation occurs when the claimant has 'knowledge of the facts essential to the cause of action, not knowledge of the legal theory upon which the action may be brought.'" *Crespo-Gutierrez v. Resendiz Ramirez*, No. 16-CV-01028-GPG, 2016 WL 9441427, at *5 (D. Colo. Sept. 23, 2016), *aff'd sub nom. Crespo-Gutierrez v. Ramirez*, 691 F. App'x 521 (10th Cir. 2017)) (quoting *Winkler v. Rocky Mountain Conference of*

*United Methodist Church*, 923 P.2d 152, 159 (Colo. App. 1995)).  "It is enough that the plaintiff knew, or may be reasonably charged with knowledge of, sufficient facts to be aware that a claim existed." *Grogan v. Taylor,* 877 P.2d 1374, 1379 (Colo. App.1993).  It is "not necessary" for a plaintiff to know "the specific acts of the alleged negligence by this defendant" or "details of the facts necessary to prove the claims against [a] defendant" in order for the plaintiff to have knowledge of the existence of his claims.  *Grogan,* 877 P.2d at 1379.

"Whether the statute of limitations bars a particular claim is usually a fact question." *Bad Boys of Cripple Creek Min. Co. v. City of Cripple Creek*, 996 P.2d 792, 796 (Colo. App. 2000) (citing *Mastro v. Brodie,* 682 P.2d 1162 (Colo.1984)). But the issue may be decided as a matter of law "if the undisputed facts clearly show that a plaintiff discovered, or reasonably should have discovered, the injury and its cause as of a particular date." *Bad Boys,* 996 P.2d at 796 (citing *Winkler v. Rocky Mountain Conference of United Methodist Church,* 923 P.2d 152 (Colo.App.1995)); *see also Auto Trol Tech. Corp. v. J. Fox, Inc.*, 24 F. App'x 986, 989 (10th Cir. 2002) ("[W]here the undisputed facts clearly show that a party discovered or should have discovered the breach of contract by a particular date, the issue may be decided as a matter of law.").

Here, Mr. Schober argues that he did not know until after an investigation of his (i) injury ("that his cryptocurrency was missing as the result of wrongdoing, rather than because of some other reason") and (ii) its cause ("that Benedict Thompson and Oliver Read had stolen it."). Response at p. 4.

As to the first factor, that he did not know of his injury until after the investigation, Mr. Schober ignores the objective standard of reasonability that applies to all claimants.  For example, where a claimant argued that "even [in] exercising reasonable diligence," he could not

have "discovered the existence of facts forming the basis for the claim for relief" until a Bankruptcy Trustee was appointed, the court determined that the alleged concealment did little to hide the fact that a cause of action existed: "While the note holders may not have known specifically who was responsible for their losses from the ponzi scheme, it is not necessary for the plaintiff to know the specific acts of the alleged negligence by this defendant or the details of the facts necessary to prove the claims against this defendant." *Sender,* 423 F.Supp. 2d at 1166-67. Accordingly, the court pegged the date of accrual to when the claimant did not receive a return on a promissory note. *Id.*

Analogous to the reasoning in *Sender,* it is objectively unreasonable to assume that cryptocurrency, which is typically stored electronically in a wallet or electronic account by blockchain technology that traces the whereabouts of the currency, was "missing" for any other reason than wrongdoing. "Reasonable diligence" on Mr. Schober's part immediately after acquiring knowledge that his cryptocurrency was missing would show him that another individual was in possession of Plaintiff's cryptocurrency because the record would be in the blockchain. Like with ordinary banking, it is not objectively reasonable to ascribe losing thousands and thousands of dollars to the money simply being "missing." A reasonable person would immediately investigate whether substantially all of their net worth was "missing" because it was taken by wrongdoing. *See Sulca,* 77 P.3d at 900 (defining knowledge "as 'an awareness or an understanding' and 'actual knowledge' as '[an awareness or an understanding] of such information as would lead a reasonable person to inquire further.'"). Whether a plaintiff has used "due diligence in discovering the relevant circumstance or event imposes an objective standard and does not reward denial or self-induced ignorance." *Sulca,* 77 P.3d at 910. The

4

statute of limitations should apply beginning when Mr. Schober knew, or reasonably should have known, of his injury, which was in January 2018.

As to the second factor, a plaintiff need not know the defendant's identity in order to be cognizant of his injury and the cause of his injury.  *See Yoder v. Honeywell,* 900 F.Supp. 240, 242-47 (D. Colo. 1995); *see also Sender v. Mann*, 423 F. Supp. 2d 1155, 1166–67 (D. Colo. 2006) (holding the statute of limitations began to accrue even while the Plaintiffs did not know "specifically who was responsible for their losses" from a ponzi scheme) *and Thermo Fluids, Inc. v. United States,* No. 15-CV-00569, 2015 WL 5579650 (D. Colo. Sept. 23, 2015) (finding that statute of limitations barred claims where plaintiff alleged it could not have known the identity of defendant in time).  Mr. Schober did not need more information than he had at the time he noticed his cryptocurrency was missing to know of his injury and its cause. Accordingly, the statute of limitations began to toll in January 2018, and lapsed prior to Mr. Schober filing his Complaint.

Plaintiff argues in his Response, essentially, that the statute of limitations should be tolled until Mr. Schober learned that his cryptocurrency was not *missing* but *stolen.  See* Response at p. 4.   Mr. Schober's argument "rewards denial or self-induced ignorance," and ignores his obligation to act with reasonable diligence.  It is not the case that Mr. Schober needed to know more than that his money was gone because of wrongdoing.

## II.    *Equitable tolling does not apply in these circumstances.*

Plaintiff argues that, in the alternative, the doctrine of equitable tolling applies to this case, on the basis that Defendants concealed their identities and actions from him.  That is not a proper basis for the application of equitable tolling.

As a preliminary matter, "[e]quitable tolling is granted sparingly." *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) (quoting *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012)). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Chance,* 898 F.3d at 1034 (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227, 132 S.Ct. 1414, 182 L.Ed.2d 446 (2012) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

A statute of limitations may be equitably tolled in Colorado "where the defendant attempts to avoid service by placing himself beyond the power of the jurisdiction to compel attendance, *see* § 13–80–118, C.R.S. (2014), or where "the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts."  *Malm v. Villegas,* 342 P.3d 422, 426 (Colo. 2005) (quoting *Brodeur v. Am. Home Assur. Co.,* 169 P.3d 139, 149 (Colo.2007)).

To the extent equitable tolling does apply, "it is tolled 'only so long as the plaintiff is unable, by reasonable diligence, to discover the facts necessary for determining the existence of a claim for relief.'"  *Sender v. Mann*, 423 F. Supp. 2d 1155, 1166–67 (D. Colo. 2006) (quoting *First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corp.,* 744 P.2d 1197, 1201 (Colo. App. 1987).  Furthermore, "Equitable tolling . . . only applies when [the claimant] is prevented from filing throughout the entire length of the statutory period."  *Thermo Fluids,* 2015 WL 5579650 at *3 (quoting *Roberts v. Barreras,* 484 F.3d 1236, 1242 (10th Cir. 2007)).

Mr. Schober was not precluded from "discover[ing] the facts necessary for determining the existence of a claim for relief."  *Sender,* 423 F. Supp. 2d at 1166.  In *Sender,* the court determined that the plaintiff was not entitled to equitable tolling where the facts showed that the

claimant knew, upon the defendant's failure to make a payment on a promissory note, of the basis of his claim for relief.  *Id.* at 1167; *see also Chance v. Zinke,* 898 F.3d 1025, 1034 (10th Cir. 2018) (holding that the allegation that the government actively concealed material information from Plaintiff, even if proved, did not warrant tolling the limitations period).  That claimant could not have known the details until later did not mean that equitable tolling should apply. *Id.*

Here, like in *Sender,* the statute of limitations should not be equitably tolled, even if it were true that the Defendants' identities or the exact mechanisms of the theft were concealed. The lack of knowledge of identities of the defendants did not prevent Mr. Schober from filing and does not constitute an extraordinary circumstance under which he should be availed equitable tolling.

### III.     Repleading would be futile because the statute of limitations still bars the claims.

Mr. Schober requests in the alternative that he be given the chance to replead.  Here, repleading would be futile.  "A district court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cty. School Dist. No. R-1 v. Moody's Investor's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999) (internal citation omitted).  "Therefore, amendment is futile if the claims are barred by the applicable statute of limitations." *Coyner v. Camper*, No. 10-CV-02361-PAB-KMT, 2010 WL 5422622, at *2 (D. Colo. Dec. 27, 2010) (citing *Bradley v. Val Mejias,* 379 F.3d 892, *901* (10th Cir. 2004).

As Mr. Schober states in his response: "If the defendants' motions to dismiss are granted, it would be on the assumption that Mr. Schober knew of his injury and its cause more than three years ago – which he did not." There is nothing Mr. Schober could add to his Complaint that

would get rid of the fact that he was or should have been immediately aware that his cryptocurrency was stolen. No amount of discovery will show that Mr. Schober did not know of his injury.

### Conclusion

Mr. Schober's Complaint shows that he knew of the alleged theft of his cryptocurrency instantaneously. Mr. Schober's recognition that his assets were gone was immediately apparent to him: the "theft of [his] cryptocurrency" was "devastating," and "he did not eat or sleep for days afterward." Complaint at ¶ 3. Even with the most generous reading of his Complaint, Mr. Schober knew of the nature and extent of his injuries, and that his injuries were caused by the wrongful act of another. Despite his knowledge of his injury and the general cause thereof, Plaintiff waited to file his lawsuit beyond the two and three years required of him by the applicable statutes of limitations. For this reason, Plaintiff's claims against Defendants should be dismissed.

Wherefore, Defendants Benedict Thompson, Edward J. Thompson, and Claire L. Thompson request that this court dismiss Plaintiff's Complaint against them, with prejudice to refiling.

Dated this 6th day of August, 2021.

FELDMANN NAGEL CANTOFIO & SONG PLLC


*/s/Sarah Jackson Donahue*
Sarah Jackson Donahue. No. 45212
Feldmann Nagel Cantafio & Song PLLC
1875 Lawrence St., Suite 730
Denver, Colorado 80202
Telephone: (303) 813-1200
Facsimile: (303) 813-1201
Email: sdonahue@fncslaw.com

*Attorneys for Defendants Benedict Thompson, Edward J.
Thompson, and Claire L. Thompson*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following individuals with the following email addresses:

Samuel Jonathan Leake Ballard
Stephen David Palley
Anderson Kill PC
1717 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006
sballard@andersonkill.com
spalley@andersonkill.com
*Attorneys for Plaintiff Andrew Schober*


Oliver Read
Oliverread2001@gmail.com

Hazel Wells
Hazelwells44@gmail.com

Paul Read
Paulread66@aol.co.uk
*Defendants*

/s/*Sarah Jackson Donahue*
Sarah Jackson Donahue