**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1-21-cv-01382-NYW

ANDREW SCHOBER,

       Plaintiff,

   v.

BENEDICT THOMPSON, OLIVER READ,
EDWARD J. THOMPSON, CLAIRE L. THOMPSON,
PAUL READ, AND HAZEL DAVINA WELLS,

       Defendants.

---

**THOMPSON DEFENDANTS' ANSWER**

---

Benedict Thompson, Edward J. Thompson, and Claire L. Thompson (the "Thompson Defendants"), by and through undersigned counsel, hereby submit this Answer to Plaintiff Andrew Schober's Complaint:

**<u>NATURE OF THE ACTION</u>**

1. The Thompson Defendants deny the allegations set forth in paragraph 1.

2. The Thompson Defendants deny the allegation that Benedict Thompson is an "associate" of Oliver Read, and that Benedict Thompson is a "skilled software developer[] and computer science student[]." The Thompson Defendants admit that Benedict Thompson was a minor during the time frame alleged by Plaintiff. The Thompson Defendants are without information or knowledge to admit or deny the remaining allegations in paragraph 2.

3. The Thompson Defendants are without information or knowledge to admit or deny the allegations set forth in paragraph 3. To the extent a response is required, the Thompson Defendants deny the allegations set forth in paragraph 3.

4. Paragraph 4 contains a legal conclusion to which no response is required. To the extent a response is required, the Thompson Defendants deny the allegations set forth in paragraph 4.

5. The Thompson Defendants admit the Plaintiff alleges those claims as recited in paragraph 5, but deny said claims are properly brought against the Thompson Defendants.

## THE PARTIES

6. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 6 and therefore deny same.

7. The Thompson Defendants admit the allegation set forth in paragraph 7.

8. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 8 and therefore deny same.

9. The Thompson Defendants admit the allegation set forth in paragraph 9.

10. The Thompson Defendants admit the allegation set forth in paragraph 10.

11. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 11 and therefore deny same.

12. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 12 and therefore deny same.

## JURISDICTION AND VENUE

13. Paragraph 13 contains legal conclusions for which no response is required.  To the extent an answer is required, the allegations of paragraph 13 are denied.

14. Paragraph 14 contains legal conclusions for which no response is required.  To the extent an answer is required, the allegations of paragraph 14 are denied.

15. The Thompson Defendants deny that this Court has personal jurisdiction over the Thompson Defendants.   The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the remaining allegations of paragraph 15 and therefore deny same.

16. The Thompson Defendants deny the allegations set forth in paragraph 16.

## FACTUAL BACKGROUND

**I.      Description of the Malware and Benedict and Oliver's Distribution and Use of the Malware to Steal Mr. Schober's Cryptocurrency.[1]**

17. The Thompson Defendants deny the allegations set forth in paragraph 17.

18. The Thompson Defendants deny the allegations set forth in paragraph 18.

19. The Thompson Defendants deny the allegations set forth in paragraph 19.

20. The Thompson Defendants deny the allegations set forth in paragraph 20.

21. The Thompson Defendants deny the allegations set forth in paragraph 21.

22. The Thompson Defendants deny the allegations set forth in paragraph 22.

23. The Thompson Defendants deny the allegations set forth in paragraph 23.

24. The Thompson Defendants deny the allegations set forth in paragraph 24.

---

[1] To the extent the Headings included in the Plaintiff's Complaint are construed to be allegations, the Thompson Defendants deny them in their entirety.

25. The Thompson Defendants deny the allegations set forth in paragraph 25.

26. The Thompson Defendants deny the allegations set forth in paragraph 26.

27. The Thompson Defendants deny the allegations set forth in paragraph 27.

28. The Thompson Defendants deny the allegations set forth in paragraph 28.

29. The Thompson Defendants deny the allegations set forth in paragraph 29.

30. The Thompson Defendants deny the allegations set forth in paragraph 30.

31. The Thompson Defendants deny the allegations set forth in paragraph 31.

32. The Thompson Defendants deny the allegations set forth in paragraph 32.

33. The Thompson Defendants deny the allegations set forth in paragraph 33.

## II. Defendants' Intentions and Efforts to Steal, Retain, and Obfuscate Mr. Schober's Cryptocurrency.[2]

34. The Thompson Defendants deny the allegations set forth in paragraph 34.

35. The Thompson Defendants deny the allegations set forth in paragraph 35.

36. The Thompson Defendants deny the allegations set forth in paragraph 36.

37. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 37 and therefore deny same.

38. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 38 and therefore deny same.

39. The Thompson Defendants deny the allegations set forth in in paragraph 39.

40. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 40 and therefore deny same.

---

[2] To the extent the Headings included in the Plaintiff's Complaint are construed to be allegations, the Thompson Defendants deny them in their entirety.

41. The Thompson Defendants deny the allegation set forth in paragraph 41.

42. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 42 and therefore deny same.

43. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 43 and therefore deny same.

44. The Thompson Defendants deny the allegations set forth in paragraph 44.

45. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 45 and therefore deny same.

46. The Thompson Defendants deny the allegation set forth in paragraph 46.

### III. Defendants' Refusal to Respond to Mr. Schober and Their Parents Responsibility for the Then-Minor Defendant Actions.[3]

47. The Thompson Defendants admit the allegations set forth in paragraph 47.

48. The Thompson Defendants deny the allegation set forth in paragraph 48.

49. The Thompson Defendants deny the allegation set forth in paragraph 49.

50. The Thompson Defendants deny the allegation set forth in paragraph 50.

51. The Thompson Defendants admit that Mr. Schober sent the email alleged in paragraph 51, but deny the remaining allegations set forth in paragraph 51.

52. The Thompson Defendants admit that they have not responded to Mr. Schober's email but deny the remaining allegations of paragraph 52.

53. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 53 and therefore deny same.

---

[3] To the extent the Headings included in the Plaintiff's Complaint are construed to be allegations, the Thompson Defendants deny them in their entirety.

54. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 54 and therefore deny same.

55. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 55 and therefore deny same.

56. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 56 and therefore deny same.

57. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 57 and therefore deny same.

58. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 58 and therefore deny same.

### IV.    Mr. Schober's Harms were Caused by the Defendants' Actions.[4]

59. The Thompson Defendants deny the allegations set forth in paragraph 59.

60. The Thompson Defendants deny the allegations set forth in paragraph 60.

61. The Thompson Defendants deny the allegations set forth in paragraph 61.

62. The Thompson Defendants deny the allegations set forth in paragraph 62.

63. The Thompson Defendants deny the allegations set forth in paragraph 63.

64. The Thompson Defendants deny the allegations set forth in paragraph 64.

65. The Thompson Defendants deny the allegations set forth in paragraph 65.

66. The Thompson Defendants deny the allegations set forth in paragraph 66.

67. The Thompson Defendants deny the allegations set forth in paragraph 67.

---

[4] To the extent the Headings included in the Plaintiff's Complaint are construed to be allegations, the Thompson Defendants deny them in their entirety.

68. The Thompson Defendants deny the allegations set forth in paragraph 68.

69. The Thompson Defendants deny the allegations set forth in paragraph 69.

70. The Thompson Defendants deny the allegations set forth in paragraph 70.

71. The Thompson Defendants deny the allegations set forth in paragraph 71.

72. The Thompson Defendants deny the allegations set forth in paragraph 72.

73. The Thompson Defendants deny the allegations set forth in paragraph 73.

## **CLAIMS FOR RELIEF**

### **First Cause of Action**
### **Conversion**
### **(All Defendants)**

74. The Thompson Defendants reiterate and re-aver each and every one of the preceding averments as if fully re-written and restated here.

75. The Thompson Defendants deny the allegations set forth in paragraph 75.

76. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 76 and therefore deny same.

77. The Thompson Defendants deny the allegations set forth in paragraph 77.

78. The Thompson Defendants deny the allegations set forth in paragraph 78.

79. The Thompson Defendants deny the allegations set forth in paragraph 79.

80. The Thompson Defendants deny the allegations set forth in paragraph 80.

81. The Thompson Defendants deny the allegations set forth in paragraph 81.

82. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 82 and therefore deny same.

83. The Thompson Defendants deny the allegations set forth in paragraph 83.

**Second Cause of Action**
**Trespass to Chattel**
**(All Defendants)**

84. The Thompson Defendants reiterate and re-aver each and every one of the preceding averments as if fully re-written and restated here.

85. The Thompson Defendants deny the allegation set forth in paragraph 85.

86. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 86 and therefore deny same.

87. The Thompson Defendants deny the allegations set forth in paragraph 87.

88. The Thompson Defendants deny the allegations set forth in paragraph 88.

89. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 89 and therefore deny same.

90. The Thompson Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 90 and therefore deny same.

**Third Cause of Action**
**Civil Conspiracy**
**(All Defendants)**

91. The Thompson Defendants reiterate and re-aver each and every one of the preceding averments as if fully re-written and restated here.

92. The Thompson Defendants deny the allegation set forth in paragraph 92.

93. The Thompson Defendants deny the allegation set forth in paragraph 93.

94. Paragraph 94 contains a legal conclusion for which no response is required.  Further answering, to the extent the allegations of paragraph 94 pertain to a cause of action

which the Court has already dismissed with prejudice, no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

95. Paragraph 95 contains a legal conclusion for which no response is required.  To the extent an answer is required, the Thompson Defendants deny the allegations of paragraph 95.

96. The Thompson Defendants deny the allegation set forth in paragraph 96.

<u>**Fourth Cause of Action**</u>
**Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030**
**(All Defendants)**

97. The Thompson Defendants reiterate and re-aver each and every one of the preceding averments as if fully re-written and restated here.

98. The allegations of paragraph 98 pertain to a cause of action which the Court has already dismissed with prejudice, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

99. The allegations of paragraph 99 pertain to a cause of action which the Court has already dismissed with prejudice, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

100.    The allegations of paragraph 100 pertain to a cause of action which the Court has already dismissed with prejudice, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

101.    The allegations of paragraph 101 pertain to a cause of action which the Court has already dismissed with prejudice, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

102.    The allegations of paragraph 102 pertain to a cause of action which the Court has already dismissed with prejudice, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

103.    The allegations of paragraph 103 pertain to a cause of action which the Court has already dismissed with prejudice, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

104.    The allegations of paragraph 104 pertain to a cause of action which the Court has already dismissed with prejudice, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## PRAYER FOR RELIEF

The Thompson Defendants deny that the Plaintiff is entitled to any of the relief sought in his prayer for relief (A-E).

## JURY DEMAND

The Thompson Defendants acknowledge and join in the Plaintiff's demand for a trial by jury on all claims and issues so triable.

## THOMPSON DEFENDANTS' AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over the Thompson Defendants.

2. Venue is improper in this District.

3. Plaintiff has failed to state a claim upon which relief may be granted.

4. The Plaintiff's claims are barred by the statute of limitations.

5. The Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel and acquiescence.

6.  The Plaintiff's claims are barred by the doctrine of assumption of the risk.

7.  The Plaintiff's claims are barred by the Plaintiff's contributory negligence.

8.  If Plaintiff incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom the Thompson Defendants are not responsible, and whose conduct the Thompson Defendants had no duty or reason to anticipate or control.

9.  If Plaintiff incurred any loss or damages as alleged in the Complaint, the same were proximately caused by unforeseeable, independent intervening, or superseding events beyond the control, and unrelated to the conduct of the Thompson Defendants. The Thompson Defendants' actions and omissions, if any, were superseded by such unforeseeable, independent, intervening and superseding events, and as such the Thompson Defendants are not liable.

10. If Plaintiff incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by the actions and/or culpable conduct of Plaintiff or its agents, and not as a result of any actions and/or conduct on the part of the Thompson Defendants.

11. The Thompson Defendants are entitled to, and claim the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in this State and any other state whose law is deemed to apply in this case.

12. The Thompson Defendants' actions complied with all applicable standards of care.

13. Plaintiff has failed to take reasonable steps to mitigate its damages, if any.

14. The Thompson Defendants incorporate the defenses of all others who are or may become parties to this action.

15. The Thompson Defendants reserve the right to raise additional defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims. These additional defenses cannot be averred at this time due to the Plaintiff's failure to properly describe their claims with sufficient particularity in the Complaint.

Wherefore, the Thompson Defendants request that this Court enter orders denying the Plaintiff's claims in their entirety, entering judgment in the Thompson Defendants' favor, awarding the Thompson Defendants their attorney fees and costs, and to any such other relief, at law or at equity, to which this Court deems them entitled.


CANTOFIO NAGEL & SONG PLLC


*/s/Sarah Jackson Donahue*
Sarah Jackson Donahue. No. 45212
Carl A. Hjort, III No. 42108
Cantafio Nagel & Song PLLC
1875 Lawrence St., Suite 730
Denver, Colorado 80202
Telephone: (303) 813-1200
Facsimile: (303) 813-1201
Email: sdonahue@fncslaw.com

**Attorneys for Defendants Benedict Thompson, Edward J. Thompson, and Claire L. Thompson**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2022, the foregoing Answer was electronically filed via CM/ECF in the United States District Court for the District of Colorado, and thereafter electronically served upon:
:

Samuel Jonathan Leake Ballard
Stephen David Palley
Anderson Kill PC
1717 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006
sballard@andersonkill.com
spalley@andersonkill.com
***Attorneys for Plaintiff Andrew Schober***


Oliver Read
Oliverread2001@gmail.com

Hazel Wells
Hazelwells44@gmail.com

Paul Read
Paulread66@aol.co.uk
***Defendants***


/s/*Sarah Jackson Donahue*_____
Sarah Jackson Donahue