# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ANDREW SCHOBER,<br><br>Plaintiff,<br><br>v.<br><br>BENEDICT THOMPSON, OLIVER READ, EDWARD J. THOMPSON, CLAIRE L. THOMPSON, PAUL READ, and HAZEL DAVINA WELLS,<br><br>Defendants. | Case No.: 1:21-cv-01382-NYW |

## **MOTION FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. PROC. 55(b)(2)**

Andrew Schober, by counsel, for his Motion for Entry of a Default Judgment against Paul Read pursuant to Fed. R. Civ. Proc. 55(b)(2), states as follows:

1. On January 14, 2022, this Court entered an Order granting in part and denying in part the Defendants' Motions to Dismiss Mr. Schober's Complaint. [Doc. 33].

2. Under Fed. R. Civ. Proc. 12(a)(4)(A), Answers were due on or before January 29, 2022.

3. While an Answer was jointly filed by Defendants Benedict Thompson, Clair L. Thompson, and Edward J. Thompson on January 27, 2022 [Doc. 35], and an Answer was filed by Oliver Read and Hazel Davina Wells on February 4, 2022 [Doc. 36 and 37], no Answer was filed by Defendant Paul Read ("the Defaulting Defendant").

4. On February 4, 2022, pursuant to D.C. Colo. LCivR. 7.1, counsel for Mr. Schober emailed the Defaulting Defendant in good faith and advised that Mr. Read had failed to appropriately file his Answer to the Complaint by the required deadline of January 31, 2022. A Copy of the February 4, 2022, email is attached herewith as Exhibit A.

2

5. Counsel similarly advised that if the Defaulting Defendant failed to file "with the Court at or before 5 pm EST (Washington, D.C. time) on Monday February 7, 2022" then he would file a Motion for Entry of Default. *See* Exhibit A.

6. Mr. Read *emailed* his Answer to Mr. Schober's counsel on Sunday February 6, 2022.

7. While counsel recognizes that *pro se* Defendants are generally given a certain amount of leeway, an email forwarding an answer does not satisfy the requirement that the Answer be timely filed with the Court, and Mr. Read is in default and judgment should be entered against him.

8. Pursuant to Fed. R. Civ. Proc. 55(b)(2), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."

9. Because the Defaulting Defendant has appeared personally, Mr. Schober requests a hearing date on this Application that is no less than 7 days from the date of this filing.

10. A proposed Order is attached to this Motion.

**WHEREFORE**, and for the foregoing reasons, Mr. Schober respectfully requests the following relief:

   A. That the Court set a hearing on this Motion at the soonest date practicable, but no less than seven days hence, and ordering Paul Read to show cause why he should not be held in Default;

   B. In that hearing allow Mr. Schober to establish the amount of damages that should be entered against him; and

   C. For such other relief appropriate under the circumstances.

2

docs-100468272.1

Dated: February 7, 2022      **ANDERSON KILL, LLP**

By: /s/ *Stephen Palley*
Stephen Palley, Esq.
Dylan G. LaMorte, Esq.
1717 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006
Telephone: (202) 416-6500
Fax: (202) 416-6555
spalley@andersonkill.com
dlamorte@andersonkill.com
*Attorneys for Plaintiff Andrew Schober*

3