IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01382-NYW

ANDREW SCHOBER,

    Plaintiff,

v.

BENEDICT THOMPSON,
OLIVER READ,
EDWARD J. THOMPSON,
CLAIRE L. THOMPSON,
PAUL READ, and
HAZEL DAVINA WELLS,

    Defendants.

## MINUTE ORDER

Magistrate Judge Nina Y. Wang

    This action is before the court on Plaintiff Andrew Schober's ("Mr. Schober" or "Plaintiff") Motion for Entry of Default Pursuant to Fed. R. Civ. P. 55(b)(2) ("Motion for Entry of Default" or "Motion") [Doc. 38, filed February 7, 2022]. This court presides fully over this matter pursuant to 28 U.S.C. § 636(c), the unanimous consent of the Parties, *see* [Doc. 14], and the Order of Reference dated July 12, 2021 [Doc. 18]. In the Motion, Mr. Schober requests that the court enter default judgment "pursuant to Fed. R. Civ. Proc. 55(b)(2)" against Defendant Paul Read ("Mr. Read" or "Defendant") on the basis that Mr. Read did not timely file an answer to the Complaint. *See* [Doc. 38 at 1]. Mr. Schober also requests a hearing on his Motion. [*Id.* at 2]. However, the Clerk of Court has not entered default against Mr. Read pursuant to Federal Rule of Civil Procedure 55(a). *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Moreover, Mr. Read filed an answer to the Complaint dated February 7, 2022. *See* [Doc. 39,].[1] For the foregoing reasons, the Motion for Entry of Default [Doc. 38] is **DENIED.**

DATED:  February 11, 2022

---

[1] The court notes that while Mr. Read's answer [Doc. 39] is dated February 7, 2022—the same day Mr. Schober filed the instant Motion for Entry of Default—Mr. Read's answer was not entered on the court's docket until February 10, 2022.