# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01382

ANDREW SCHOBER,

        Plaintiff,

v.

BENEDICT THOMPSON, OLIVER READ, EDWARD J. THOMPSON, CLAIRE L. THOMPSON, PAUL READ, and HAZEL DAVINA WELLS,

        Defendants.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The following parties met and conferred on June 10, 2022.

Plaintiff Andrew Schober, through counsel Ethan Mora of the firm Bennett & Demera, 1040 E. Herndon Avenue, Suite 202, Fresno, CA 93720. Counsel's phone number is (559) 981-2588.

Defendants Benedict Thompson, Claire L. Thompson, and Edward J. Thompson (collectively, "the Thompson Defendants"), through counsel Carl Hjort, III of the firm Cantafio & Song PLLC, 1875 Lawrence Street, Suite 730, Denver, CO 80202. Counsel's phone number is (303) 813-1200.

Defendants Oliver Read and Hazel Davina Wells, pro se, residing at 81 Oakleigh Road, Clayton, Bradford, West Yorkshire, 8D14 6NP, United Kingdom.

Not in attendance was Defendant Paul Read, pro se, residing at 10 Brook Lane, Clayton, Bradford, 8D14 6PH, United Kingdom.  Defendants Oliver Read and Hazel Wells informed attorneys Mora and Hjort III that Paul Read is estranged from the family, however the attorneys will continue to attempt to reach out to Defendant Read.

## 2.  STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 (exclusive of costs and interest) and the Plaintiff is completely diverse from Defendants, as Plaintiff is a resident of Colorado and each of the Defendants is a resident of the United Kingdom. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims because the claims are derived from a common nucleus of operative facts.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

<u>Conversion</u> (against all Defendants) of 16.4552 bitcoins from Plaintiff.

<u>Trespass to Chattel</u> (against all Defendants): interference with the physical condition of and Plaintiff's possession of his computer and cryptocurrency wallet.

<u>Civil Conspiracy</u> (against all Defendants) to commit the above-named torts.

b. Defendants:

The Thompson Defendants deny that they are liable for the damages claimed in the Complaint.  Additionally, the Thompson Defendants submit that this case is barred

by the applicable Statute of Limitations, because the Plaintiff had knowledge of the facts that gave rise to his claims and he waited too long after acquiring that knowledge to file this Complaint. The Thompson Defendants further contend that measure of the Plaintiff's damages, if there are any, is determined by the value of the cryptocurrency at the time it allegedly left the Plaintiff's possession, and not at some later date or at some higher valuation. As noted above, the Thompson Defendants deny that this Court has personal jurisdiction over them because the requirements of the Colorado Long Arm Statute are not met and because the Thompson Defendants do not have minimum contacts with Colorado to justify the exercise of personal jurisdiction over them.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

The parties agree that it is premature to determine which facts are not in dispute prior to the conclusion of discovery.

## 5. COMPUTATION OF DAMAGES

Money damages in an amount to be proven, but sufficient to compensate Plaintiff for his losses, including:

i. The value of the 16.4552 bitcoins stolen from Plaintiff. The cryptocurrency was worth approximately $1 million during the period in which the Complaint was filed.

ii. The cost of Plaintiff's investigation of the theft, i.e., approximately $10,000.

At this time, Defendants have not alleged any counterclaims for which any Defendant claims damages.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

   June 10, 2022.

b. Names of each participant and party he/she represented.

   Ethan Mora for Plaintiff Andrew Schober.

   Carl Hjort III for Defendants Benedict Thompson, Claire Thompson, and

   Edward Thompson.

   Defendant Oliver Read, pro se.

   Defendant Hazel Davina Wells, pro se.

   Defendant Paul Read, pro se.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

   The parties have made their Rule 26(a)(1) disclosures.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

   None.

e. Statement concerning any agreements to conduct informal discovery:

   The parties have discussed allowing Oliver Read and Hazel Wells to use Thompson Defendants ESI provider, but other accommodations may be considered after the parties initiate discovery and concretely determine the form(s) in which Pro Se Defendants have stored electronic documents.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties have discussed allowing Oliver Read and Hazel Wells to use Thompson Defendants ESI provider but other accommodations may be considered after the parties initiate discovery and concretely determine the form(s) in which Pro Se Defendants have stored electronic documents.

    g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties anticipate that a substantial amount of disclosure or discovery will take place in electronic form, and the parties have discussed and agreed that they will preserve electronic information in their possession which may be relevant to this case. The parties have discussed allowing Oliver Read and Hazel Wells to use Thompson Defendants ESI provider, but other accommodations may be considered after the parties initiate discovery and concretely determine the form(s) in which Pro Se Defendants have stored electronic documents.  The parties have also agreed to use Zoom depositions for parties and expert depositions.

    h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff and Thompson Defendants have been engaged in discussions regarding the possibility of a prompt settlement, the result of which has been unsuccessful. Plaintiff has also attempted to engage in settlement negotiations with pro se defendants however to date, Plaintiff has not received a response from any Pro Se defendant.

## 7.  CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

 50 Interrogatories, including discrete subparts, per party group

10 Depositions per side excluding expert depositions, each limited to 1 day not to exceed 7 hours.

b. Limitations which any party proposes on the length of depositions.

The parties will adhere to the deposition length limitation in Fed. R. Civ. P. 30(d)(1).

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties have agreed to the following:

50 Requests for Production of Documents per party group.

50 Requests for Admissions, excluding those used for authentication of documents, per party group.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Interrogatories, Requests for Production of Documents and/or Admissions shall be served no later than 30 days prior to the discovery cutoff date of December 12, 2022.

e.  Other Planning or Discovery Orders

The Parties do not anticipate the need for a Protective Order in this case. The Parties have agreed to defer the entry of an ESI Protocol until after their first set of discovery responses are complete, to determine if such a Protocol is necessary.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

The deadline for joinder of parties and amendment of pleadings shall be no later than June 15, 2022.

b. Discovery Cut-off:

The parties have agreed on the following cut-off dates:

Fact Discovery cutoff: December 12, 2022.

c. Dispositive Motion Deadline:

Dispositive motions shall be filed no later than April 12, 2023.

d. Expert Witness Disclosure

1. The parties anticipate expert testimony on topics of cybersecurity and cryptocurrency valuation, and blockchain and cyber forensic analysis.

2. The parties propose limiting expert testimony to testimony from two expert witnesses and two rebuttal expert witnesses.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before -January 11, 2023

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before-February 10, 2023

    5. All expert depositions are to be completed by March 13, 2023.

e. Identification of Persons to Be Deposed and estimated deposition lengths:

Oliver Read – 5 hours.
Benedict Thompson – 7 hours.
Hazel Davina Wells – 1 hour.
Paul Read – 2 hour.
Edward J. Thompson – 5 hour.
Claire L. Thompson – 1 hour.
Andrew Schober- 7 hours

The above lengths are estimates and the parties reserve the right to conduct each deposition up to the maximum time allowed by Fed. R. Civ. P. 30(d)(1)

## 10. DATES FOR FURTHER CONFERENCES

a. Status conference will be held in this case at the following date and times:

b. A final pretrial conference will be held in this case on ____ at __o'clock __m. A final pretrial order shall be prepared by the parties and submitted to the court no later than 7 days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

    At this time, there are no discovery or scheduling issues on which the parties could not agree.

b. Anticipated length of trail and whether trial is to the court or jury.

    The parties anticipate a jury trial lasting up to 5 days.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N.

Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this___ day of____ , 20__.

BY THE COURT:

United States Magistrate Judge

APPROVED:

APPROVED:

| | |
|---|---|
| /s/ *Jordan Bennett* | /s/*Carl A. Hjort, III* |
| Jordan Bennett | Carl Hjort III |
| Ethan Mora | CANTAFIO & SONG |
| BENNETT & DEMERA | PLLC |
| 1040 E. Herndon Avenue | 1875 Lawrence Street, Suite 730 |
| Suite 202 | Denver, CO 80202 |
| Fresno, CA 93720 | Tel. (303) 813-1200 |
| Tel. (559) 981-2588 | Email: chjort@fncslaw.com |
| Email: JBennett@bennettdemera.com | |
| EMora@bennettdemera.com | *Attorney for Defendants Benedict Thompson, Claire L. Thompson, and Edward J. Thompson* |
| *Attorneys for Plaintiff Andrew Schober* | |

/s/ Oliver Read

Oliver Read
81 Oakleigh Road
Clayton, Bradford, West Yorkshire
8D14 6NP
United Kingdom
Email: oliverread2001@gmail.com

*Defendant, pro se*

/s/ Hazel Davina Wells

Hazel Davina Wells
81 Oakleigh Road
Clayton, Bradford, West Yorkshire
8D14 6NP
United Kingdom
Email: hazelwells44@gmail.com

*Defendant, pro se*

/s/

Paul Read
10 Brook Lane,
Clayton, Bradford, West Yorkshire
8D14 6PH
United Kingdom
Email: paulread66@aol.co.uk

*Defendant, pro se*