IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1-21-cv-01382-NYW

ANDREW SCHOBER,

    Plaintiff,

  v.

BENEDICT THOMPSON, OLIVER READ,
EDWARD J. THOMPSON, CLAIRE L. THOMPSON,
PAUL READ, AND HAZEL DAVINA WELLS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
9:24 am, Aug 22, 2022
JEFFREY P. COLWELL, CLERK

## MOTION TO DISMISS

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Oliver Read move this court to dismiss Plaintiff's lawsuit on the basis that court has a lack of personal jurisdiction in this matter.

### Introduction

The claims against Oliver Read should be dismissed for lack of personal jurisdiction. No facts show that they purposefully directed any alleged unlawful conduct to Colorado or purposely availed itself of the privilege of conducting the alleged activities.

### Motion to Dismiss Standard

Additionally, this Court lacks personal jurisdiction over Oliver Read. The plaintiff bears the burden of pleading facts that support the exercise of personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc*., 514 F.3d 1069, 1070 (10th Cir.2008); *Wenz v. Memery Crystal*, 55F.3d 1503, 1505 (10th Cir. 1995).

1

Only the well-pleaded facts, affidavits, or other writings, as distinguished from conclusory allegations, can establish jurisdiction. *Dudnikov*, 514 F.3d at 1070; *Good v. Fuji Fire & Marine, Ins. Co., Ltd*., 271 Fed. Appx. 756, 758–59 (10th Cir. 2008). The test for personal jurisdiction includes determining whether any statute authorizes the service of process on defendants and whether exercising such statutory jurisdiction comports with constitutional due process demands. *Dudnikov*, 514 F.3d at 1063. When a state's long-arm statute confers the maximum jurisdiction permissible consistent with the Due Process Clause, the statutory inquiry effectively collapses into the constitutional analysis. Here, the Colorado long-arm statute confers the maximum jurisdiction, so the only question is whether exercising jurisdiction would comport with constitutional due process. Plaintiff must establish either general or specific jurisdiction over Oliver Read

### Facts

- Oliver Read has never entered the state of Colorado, or the United States of America.
- Oliver Read is not and never had been residents of Colorado or the United States of America.
- Oliver Read is a resident of the United Kingdom.
- Oliver Read had never been in contact with anyone from Colorado as of the beginning of court proceedings including the defendant.

### Authorities and Argument

Likewise, the Court lacks specific jurisdiction over Oliver Read. The Supreme Court has held that, to exercise specific jurisdiction in harmony with due process, defendants must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would not

"offend traditional notions of fair play and substantial justice." *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The Supreme Court has instructed that the "minimum contacts" standard requires, first, that the out-of-state defendant must have "purposefully directed" its activities at residents of the forum state, and second, that the plaintiff's injuries must "arise out of" defendant's forum-related activities. *Dudnikov*, 514 F.3d at 1071 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Minimum contacts exist where the nonresident defendant "purposefully directed" its
activities at the forum state or "purposefully availed" itself of the privilege of conducting activities or consummating a transaction in the forum state. See *Dudnikov*, 514 F.3d at 1071; *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd*., 385 F.3d 1291, 1296 (10th Cir.2004); *Pro Axess, Inc. v. Orlux Distrib., Inc*., 428 F.3d 1270, 1277 (10th Cir.2005); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir.1998). In all events, the shared aim of "purposeful direction" doctrine has been said by the Supreme Court to ensure that an out-of-state defendant is not bound to appear to account for merely "random, fortuitous, or attenuated contacts" with the forum state. *Burger King Corp*., 471 U.S. at 475, 105 S.Ct. 2174 (internal quotations omitted). Purposeful direction exists when there is (1) an intentional action, that was (2) expressly aimed at the forum state, with (3) knowledge that the brunt of the injury would be felt in the forum state. *Dudnikov*, 514 F.3d at 1072. Oliver Read does not have minimum contacts with Colorado; There is no fact sufficient to show that they directed any alleged unlawful conduct to Colorado or knew that injury related to such conduct would be felt in Colorado.

## Conclusion

Oliver Read respectfully requests that this Court dismiss Plaintiff's claims against them for lack of personal jurisdiction, with prejudice to refiling.

Dated this 21th day of August, 2022.