IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 1:21-cv-01382-NYW-NRN

ANDREW SCHOBER,

          Plaintiff,

    v.

BENEDICT THOMPSON, OLIVER READ, EDWARD J. THOMPSON, CLAIRE L. THOMPSON, PAUL READ, and HAZEL DAVINA WELLS,

          Defendants.

---

## OPPOSITION TO DEFENDANT O. READ'S RULE 12(b)(2) MOTION TO DISMISS

### INTRODUCTION

This Court should deny *pro se* Defendant Oliver Read's Motion to Dismiss (which he brings pursuant to FRCP 12(b)(2)) (Dkt. #57). On August 22, 2022, Defendant Oliver Read ("Oliver")[1] filed his Motion to Dismiss ("Defendant's MTD"; cited as "Mot." in this Opposition) alleging that this Court lacks personal jurisdiction over him. Oliver is mistaken. As explained further herein, this Court's exercise of personal jurisdiction over Oliver is constitutional, proper, comports with the interests of fair play and substantial justice, and is necessary to avoid otherwise entirely depriving Plaintiff Andrew Schober, a citizen of the United States and Colorado, access to justice.

---

[1] Multiple Defendants in this matter share the same "Read" last name, and accordingly, reference is made to Defendant Oliver Read by his first name in order to clearly distinguish between the Defendants (although only Oliver Read—and not the other "Read" Defendant, *pro se* Defendant Paul Read—filed Defendant's MTD, which Plaintiff now opposes).

1

## BACKGROUND

A full statement of facts is not set out here because the Complaint and the facts it contains speak for themselves. However, certain facts are worth repeating. As alleged in Plaintiff's Complaint, Oliver and Defendant Benedict Thompson ("B. Thompson")[2] participated in a conspiracy to design, distribute, and benefit from "clipboard-jacking" malware (the "Malware"), which they used to infect Plaintiff Andrew Schober's computer; pervasively monitor Mr. Schober's digital activities; intrude on Mr. Schober's digital cryptocurrency wallet; and steal 16.4552 bitcoins belonging to Mr. Schober. The following facts asserted in Plaintiff's Complaint are relevant to the discussion concerning why this Court's exercise of specific jurisdiction over Defendant is appropriate:

- "This Court has personal jurisdiction over each Defendant because Defendants purposefully directed their conduct at Colorado, engaged in conduct that has and had a direct, substantial, reasonably foreseeable, and intended effects of causing injury to persons in Colorado (including in this District), and purposely availed themselves of the laws of Colorado. Mr. Schober operated his computer in Colorado and suffered his injuries in Colorado by the acts and omissions alleged herein." Compl. ¶ 15.

- "A primary purpose of the Malware was to divert cryptocurrency from the victim's cryptocurrency wallet to the thief's cryptocurrency wallet." Id. ¶ 18. "A cryptocurrency wallet (in this case, a Bitcoin wallet) is an algorithmically generated cryptographic key pair comprising a 'public key' and a 'private key.' A public key allows the wallet owner to receive cryptocurrency from other wallets. A private key

---

[2] Again, multiple Defendants share the "Thompson" last name, so the first initial and last name are used here for clarity.

2

- allows the wallet owner to send cryptocurrency from his or her wallet to other wallets." Id. ¶ 19.

- Cryptocurrency wallets are used to send and receive cryptocurrency transactions recorded on blockchains, like the Bitcoin blockchain. Any entity with control of the private key that corresponds to a cryptocurrency wallet's public key(s) controls the cryptocurrencies associated with that wallet's address(es). Id. ¶ 20.

- "The Malware was designed to monitor the victim's computer activity by secretly forcing the victim's computer to run a pattern-matching algorithm each time the victim used the copy-paste (or 'clipboard') function on his or her computer." Id. ¶ 15. "When the Malware recognized that Mr. Schober copied a cryptocurrency wallet address, the Malware immediately executed code that replaced the [Bitcoin] address he copied with a new [Bitcoin] address controlled by one or more of the Defendants." Id. ¶ 28.

- "Mr. Schober's computer became infected with the Malware after B. Thompson or [Oliver] or both posted a link to software—which Defendant(s) called 'Electrum Atom'—on the popular public online forum Reddit. The Malware was hidden within this 'Electrum Atom' software." Id. ¶ 25. "Additionally, [B. Thompson] and/or [Oliver] represented that the software he or they posted on the public forum(s) was Electrum brand software and stated that the software did not contain malware." Id. ¶ 68.

- "Blockchain tracing analyses and investigations revealed that Defendants [B. Thompson] and/or [Oliver] controlled the [Bitcoin address created by the Malware] during the relevant period." Compl. ¶ 26. "But for B. Thompson and/or Read's false

3

- and misleading representations about the authenticity of the file Mr. Schober downloaded, Mr. Schober would not have had his privacy invaded, his computer damaged, and his cryptocurrency stolen." Id. ¶ 65.

- Defendants B. Thompson and Oliver converted and laundered Mr. Schober's bitcoins after they extracted (and transferred to their own wallet(s)) the stolen bitcoins from the Bitcoin wallet created by the Malware (the "Malware Wallet"). *See* Id. ¶ ¶ 34, 45.

Worth noting, also, is that Plaintiff expects discovery will further support this Court's exercise of personal jurisdiction over Defendant. Hardly a month ago, on August 4, 2022, this Court entered the Scheduling Order in this case (Dkt. #54). Accordingly, and in light of an extension granted to Oliver by Plaintiff, Oliver has yet to produce even his first (complete) set of responsive discovery.[3] Plaintiff expects Oliver's responses and document production, when produced, will reveal significant additional facts that conclusively demonstrate why this Court has personal jurisdiction over Oliver. This Court should allow discovery to proceed according to schedule, and deny Defendant's MTD.

## **ARGUMENT AND AUTHORITIES**

Defendant's MTD is merely a recitation of case law; it offers no explanation or analysis whatsoever in support of Oliver's hollow and misguided assertion that this Court lacks personal jurisdiction over him or this case. Nevertheless, Defendant's MTD offers Plaintiff an early opportunity not only to demonstrate, unequivocally, that this Court's exercise of personal jurisdiction over Defendant is proper, but also in so doing (in the

---

[3] Oliver has produced unverified responses to Plaintiff's first set of requests for admission, and Plaintiff's counsel is working with Oliver (and other *pro se* Defendants) on ESI protocols and discovery procedures.

interests of the efficient administration of justice moving forward) clarify some of the relevant factual novelties and/or complex concepts concerning emerging technologies central to this case, which will need to be further clarified at some point regardless.

Of note, this case may be the first civil case heard in the Tenth Circuit involving foreign "hacker"-defendants who (a) used malware to steal bitcoins from (b) an individual Colorado resident whose bitcoins were in Colorado and who (c) initiated federal litigation against the individual hacker-defendants themselves, rather than against one or more corporate entity-defendants[4] (*e.g.*, cryptocurrency exchanges, like Bitfinex or Coinbase; or online forum operators, like Reddit or Twitter) implicated by or involved in the hacker-defendants' illicit activities.

**A. Review of Technological Novelties Relevant to This Jurisdictional Analysis**

On-point case law, discussed *infra*, reflects long-standing principles that establish that this Court's exercise of personal jurisdiction over Oliver is not only appropriate but imperative. This is true even though many of the applicable jurisdictional principles are derived from legal precedent established pre-internet, pre-malware, and pre-Bitcoin.

In terms of the specific personal jurisdiction analysis at hand, this case is really only unique because Mr. Schober was actually able to identify and find Defendants using the same tools Defendants used to commit their unlawful acts. In spite of Defendants' (Oliver's and B. Thompson's) efforts to conceal both their true and digital identities, as well as their illicit online behaviors, Mr. Schober, an individual plaintiff—not a gigantic entity, like the U.S. Government for instance, with thousands of employees and massive amounts of technological and financial resources—was able, against nearly

---

[4] Often individual hacker-defendants are extremely difficult, if not impossible to track down, whereas corporate entity defendants are often much easier to identify and bring to court.

insurmountable odds, to identify and track down the hacker-defendants. Mr. Schober was able to do this, uniquely, because the assets Defendants trespassed to and converted were blockchain-based assets, specifically bitcoins.

Unlike many other digital assets, bitcoins (which were only introduced to the world in 2009) can be remotely stolen because they can be transferred "peer-to-peer" without the assistance of a third-party intermediary. Additionally, each Bitcoin transaction is not only distinct, but can also be viewed publicly, which allows bitcoins to be transparently tracked and traced (at least by those who, in just the past 13 years since Bitcoin's invention, developed a particular set of "blockchain forensic" skills, *see*, *e.g.*, Compl. at fn. 5) using blockchains. But while the technologies involved in this case are fairly new and increasingly gaining prominence, the basic facts alleged in support of Plaintiff's tort allegations are familiar.

Although Oliver was not physically present in Colorado when he committed his tortious acts, Oliver used a simple and commonly-available tool, the internet, to digitally reach into Mr. Schober's personal computer and remotely remove Mr. Schober's valuable digital currency directly from Mr. Schober's Colorado-located Bitcoin wallet. In the simplest terms, Oliver and B. Thompson pickpocketed Mr. Schober from over 4,500 miles away; they were able to do this because the internet and Bitcoin exist.

Especially in today's world, where the internet and Bitcoin are present, the fact that Oliver happens to reside outside of Colorado is scarcely germane to the personal jurisdiction discussion—outside of the due process considerations discussed *infra*—because Mr. Schober's computer and his Bitcoin wallet were both, at all relevant times, in Colorado. Oliver knew his conduct was directed Colorado, at least as soon as Oliver

6

(and/or B. Thompson) misdirected Mr. Schober's bitcoins to the Bitcoin wallet(s) that one or more Defendants controlled.[5] Furthermore, because the Malware (designed by Defendants) installed itself on Mr. Schober's Colorado-located computer, the Malware Wallet was, in fact, *remotely operated by Defendants in Colorado*.

**B. Principles Set Out in Tenth Circuit Precedent Instruct That This Court Has Personal Jurisdiction Over Defendant**

Defendant's MTD explicitly acknowledges that Colorado's long-arm statute otherwise permits this Court's exercise of personal jurisdiction over Oliver; as a matter of fact, according to Oliver, here, "the only question is whether exercising jurisdiction would comport with constitutional due process." Mot. at 2.[6] *See C5 Med. Werks v. CeramTec GmbH*, 937 F.3d 1319, 1322 (10th Cir. 2019) (citations omitted) ("Because Colorado's long-arm statute confers maximum jurisdiction permitted by constitutional due process, our only question here is whether the district court's exercise of personal jurisdiction comports with due process.").

Under the Colorado long arm statute, a person is subject to the jurisdiction of the courts of Colorado, "concerning any cause of action arising from the commission of a tortious act within [the] state." *AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1060. A tortious act is one that "implies the total act embodying both cause and effect." Id. (citing *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992)).

---

[5] Mr. Schober's Bitcoin wallet, and the cryptocurrencies in it (prior to the theft), can be said to have existed only in Colorado because Colorado is the only place where Mr. Schober's Bitcoin wallet's private key existed at the time. See Compl. at ¶ ¶ 19-25.

[6] Pending Oliver's production of discovery (which he has yet to fully produce), Mr. Schober also disputes Oliver's unsupported assertion—which he claims as "fact" in Defendant's MTD—that Oliver "had never been in contact with anyone from Colorado as of the beginning of court proceedings including the defendant." Mot. at 2.

To satisfy the long arm statute, there must be a showing that the tortious action occurred within the state, and that the exercise of jurisdiction over the defendant comports with due process. Id. Both showings are present here, as further explained herein. Due process for jurisdictional purposes is a two-step analysis: (1) whether defendant has sufficient "minimum contacts" with the forum state, and (2) if minimum contacts exist, whether the exercise of jurisdiction over the non-resident defendant "would 'comport with fair play and substantial justice.'" *Stoltz v. Macurdy*, 2009 WL 598261 (D. Colo. March 6, 2009) at 1-2 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462). Establishment of minimum contacts with the forum state requires a showing that the defendant purposefully availed himself of the privilege of conducting activities with the forum state." *Sports Science*, 514 F.3d at 1058.

The minimum contacts test has two requirements: "(i) that the defendant must have 'purposefully directed its activities at residents of the forum state,' and (ii) that 'the plaintiff's injuries must arise out of [the] defendant's forum-related activities.'" *C5 Med. Werks*, 937 F.3d at 1323 (quoting *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)). The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. *Burger King*, 471 U.S. at 475 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). Whether sufficient "minimum contacts" exist to support personal jurisdiction is determined on the basis of either general jurisdiction, or specific jurisdiction. *Stoltz*, 2009 WL 598261 at 1 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

As explained further below, Mr. Schober has sufficiently alleged that the tortious actions committed against him were directed at, occurred within, and had their effects felt

8

by Plaintiff in Colorado. Moreover, Mr. Schober's allegations arise from and relate to the activities in which Oliver digitally and remotely engaged in Colorado.

### 1. Defendant Purposefully Directed His Trespassory and Conversion-Related Activities at Plaintiff, a Colorado-Resident

Mr. Schober has adequately alleged that this Court has specific jurisdiction over Oliver because Oliver "purposefully directed" his activities concerning the Malware, the bitcoin theft, and the cryptocurrency laundering at Mr. Schober, a resident of Colorado, and because the instant litigation results from alleged injuries arising out of or relating to those activities engaged in by Oliver. *See Burger King*, 471 U.S. at 472.

Initially, Oliver purposefully directed his conduct at a U.S.-based company, Reddit, Inc., and broadly thereby at citizens of the United States, when he posted the Malware on Reddit's online forum and explicitly encouraged English-speaking Reddit users to download the Malware. The posting of the Malware on Reddit, and the false statements Oliver published to Reddit's U.S.-based online forum, were each enough for Oliver to reasonably expect being haled into court in the United States, if not in Colorado particularly.[7] With respect to Oliver's Colorado-specific activities and whether Oliver could reasonably be expected to be haled into a court in Colorado, the court in *Allen v. IM Sols., LLC*, 83 F. Supp. 3d 1196 (E.D. Okla. 2015) succinctly summarized the "purposeful availment" requirement typically used in internet-based tort cases, such as here:

> In tort cases, one way to analyze whether a defendant has purposefully directed its activities toward the forum state is to "consider the 'effects test' of *Calder v.*

---

[7] As noted in this Court's August 4, 2022 Scheduling Order (Dkt. #54), the Parties have agreed to Zoom depositions. In this regard, whether the Zoom calls are hosted by a Federal Court in California or a Federal Court in Colorado may be trivial where the Defendant is based in the United Kingdom, in light of the other considerations described herein.

*Jones*, 465 U.S. 783 (1984), where purposeful direction is established if three showings are made: the defendant (a) commits 'an intentional action'; (b) that is 'expressly aimed at the forum state'; (c) with 'knowledge that the brunt of the injury would be felt in the forum state.' *Dudnikov*, 514 F.3d at 1072; *see Shrader*, 633 F.3d at 1240-41; accord *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 451 (6th Cir. 2012)." *OMI Holdings*, 149 F.3d at 1092 (citing *Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed.Appx. 86, 96 (10th Cir. 2012)). With respect to content on the internet, "courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Shrader* at 1241.

*Allen*, 83 F. Supp. 3d at 1206.

As the Tenth Circuit has explained, "[t]he threshold jurisdictional requirement is established when it is demonstrated . . . 'that tortious conduct in another state ultimately caused injury in Colorado and that requiring a defense to the tort action in this state would be consistent with the due process of law.'" *Id.* (quoting *Fleet Leasing, Inc. v. District Court*, 649 P.2d 1074, 1078 (Colo. 1982)). *See also, Oaster v. Robertson*, 173 F. Supp. 3d 1150, 1166-67 (D. Colo. 2016) (explaining that the Tenth Circuit in *Sports Sci.*, *supra*, reversed the district court's ruling, *holding that the district court had jurisdiction over Colorado tort claims even where the tortious conduct took place in England*.)

Courts appreciate that "simply posting information to the internet does not subject the poster to personal jurisdiction in every state where the 'electronic signal is transmitted and received' because there is no 'manifested intent of engaging business or other interactions in the State[.]' *Sebo Am., LLC v. Azar*, Civil Action No. 20-cv-03015-NYW,

10

2021 U.S. Dist. LEXIS 34245, at *11-12 (D. Colo. Feb. 24, 2021) (citing *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002)). However, as the Tenth Circuit Appellate Court noted in the seminal case of *Silver v. Brown*, 382 F. App'x 723 (10th Cir. 2010), "[t]he damage [by a tortious act] is done when a person searching the internet for information . . . runs across [the tortious material]. *Cf. Keeton,* 465 U.S. at 777 ("The tort of libel is generally held to occur *wherever the offending material is circulated*."). *Silver*, 382 F. App'x at 732 (emphasis added).

In *Silver*, the Appellate Court found the *Calder* factors were met where a defendant had intentionally posted a blog article intended to damage plaintiff's and his company's reputations, knowing that the brunt of the injury would be felt in New Mexico, where the plaintiff and his business were located.

Reddit's online forum is like the defendant's blog in *Silver*. Reddit is a company based in California, USA.[8] Reddit operates an online public forum that, like the blog in *Silver*, is digitally-accessible from virtually anywhere on earth. Given, however, that the instant case involves a markedly distinct tort from the tort addressed in *Silver*, perhaps a useful analogy here is that Reddit is like a globally-accessible digital "conference" hosted in California,[9] which both Oliver and Mr. Schober attended. Mr. Schober visited the Reddit forum in search of information; Defendants (Oliver and B. Thompson) visited the online

---

[8] U.S. Securities and Exchange Commission, *Filing Detail*, available at https://www.sec.gov/Archives/edgar/data/1713445/0001713445-21-000001-index.html (accessed Sept. 6, 2022).

[9] To be careful regarding the extent of this analogy, it is important to note that Reddit apparently has or at least uses a third-party's servers located in Colorado from which Mr. Schober, on information and belief, and subject to further discovery efforts, utilized in order to access Reddit's online forum, even though Reddit's headquarters are technically in California. *See* Amazon Web Services, *Reddit Migrates to Managed Amazon Aurora to Scale for 30% Year-over-Year Growth*, available at https://aws.amazon.com/solutions/case-studies/reddit-aurora-case-study (accessed Sept. 6, 2022).

Reddit forum with the intent to set traps for Reddit users who were searching for information. Instead of posting defamatory material on a blog, like in *Silver*, Defendants accomplished the installation of the Malware on Mr. Schober's computer by setting digital traps on Reddit, ultimately causing Plaintiff harm by violating the terms of use established by the U.S.-based company in order to protect Reddit users, including Colorado Reddit users, like Mr. Schober.

Additionally, even if Reddit is not analogous to the blog in *Silver*, Mr. Schober's computer represents a more definitive parallel between the libel published on the blog in *Silver* and the trespass and conversion torts achieved by the Malware, which Defendants "published" to Mr. Schober's Colorado-located computer. Regardless of where Reddit's servers are located (whether in Colorado, California, the United Kingdom, or elsewhere)—and notwithstanding whether Oliver may or might have technically infected Mr. Schober's computer as Mr. Schober visited the digital online forum (by analogy, the "conference") hosted by California-based Reddit—Mr. Schober's allegations relate chiefly to the harms he experienced *after* he "returned home" from the "conference."[10] That is, Plaintiff experienced his harms after he logged off the online Reddit forum because the Malware persistently and clandestinely continued operating on his computer in Colorado. Only after the Malware was installed (or "published") on Mr. Schober's computer did Defendants (on information and belief and subject to ongoing discovery efforts) actually

---

[10] To be clear, Mr. Schober accessed the Reddit forum from his home in Colorado. The analogy of "returning home" here is only intended to highlight that, even had Mr. Schober taken a hypothetical trip, physically, to a Reddit "conference" hosted in California, during which Oliver infected Mr. Schober's computer, the trespass and thefts still occurred in Colorado because Mr. Schober's bitcoin wallet and computer were at all relevant times located with him, in Colorado, when the torts and harms occurred.

begin to inflict damage on Mr. Schober and his property by monitoring his copy-paste activities, and eventually, by stealing his bitcoins.

Mr. Schober's allegations primarily relate to Defendants' installation of the Malware on his computer via Reddit, and his allegations stem from Defendants' intentional and continuous use of the Malware to, at various times after the Malware had been installed on his computer, trespass to his chattels (*i.e.*, his computer, his Bitcoin wallet, and his bitcoins) and steal his property (his bitcoins), which at all relevant times were in Colorado.

**2. Defendant Has Strong Minimum Contacts: The Malware Operated on Plaintiff's Computer and Helped Defendants Trespass to / Steal Plaintiff's Property**

Courts must "take into account the strength of a defendant's minimum contacts." *TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1292. "The reasonableness prong of the due process inquiry '"evokes a sliding scale: the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction."' *OMI Holdings, Inc.*, 149 F.3d at 1092 (alteration in original) (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994))." *Id.* The connection between Oliver's conduct and the underlying factual allegations alleged in Plaintiff's Complaint is strong and apparent, and certainly sufficient to warrant this Court's exercise of personal jurisdiction over Oliver. The direct, specific, and separate actions of Oliver in (i) designing and advertising the Malware; (ii) operating the Malware; (iii) utilizing the Malware after it was installed on Plaintiff's computer; and (iv) benefitting from the bitcoins stolen by the Malware, are enough to bring Oliver into court in Colorado. Accordingly, this Court can exercise specific jurisdiction over Oliver.

Further, Oliver's online activities are "meaningful" because (as will be shown, especially after completion of discovery), Defendants controlled the Malware on Mr. Schober's computer for several weeks before they transferred the bitcoins from the Malware Wallet to their own wallet(s). Personal jurisdiction is therefore established also on that basis. *See Burger King*, 471 U.S. at 471. It is reasonable for this Court to exercise personal jurisdiction over Defendant here.

**B. Notions of Fair Play and Substantial Justice are Satisfied**

"[I]f defendant's actions create sufficient minimum contacts," as they do here, "the Court must consider whether the exercise of personal jurisdiction over defendant offends traditional notions of fair play and substantial justice. *zvelo, Inc. v. Check Point Software Techs., LTD.*, 418 F. Supp. 3d 664, 669 (D. Colo. 2019) (internal quotation omitted). "This latter inquiry requires a determination of whether the Court's exercise of personal jurisdiction over the defendant is 'reasonable' in light of the circumstances of the case." Id. The considerations of "fair play and substantial justice" require the Court to consider (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of several state in furthering fundamental social policies. *Trujillo v. Williams*, 465 F.3d 1210, 1221 (10th Cir. 2006). All five factors weigh in favor of this Court's exercise of personal jurisdiction over Oliver. The below analysis of these five factors demonstrates that this Court's exercise of personal jurisdiction over Oliver is appropriate.

*First Factor:* Oliver will not be burdened if required to defend himself in Colorado any more than Plaintiff would be burdened if he were to bring this case in the United Kingdom (which would be Plaintiff's only other conceivable route, and which is simply unreasonable in light of the facts of this case). Oliver (and B. Thompson) reached into the United States and into Plaintiff's computer in Colorado. By contrast, during the relevant time period, Plaintiff had no connections with the United Kingdom whatsoever.

*Second Factor:* "States have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors." *OMI Holdings, Inc.*, 149 F.3d at 1096. In explaining the disadvantage that insured residents suffer when insurers are not held legally accountable, the Court noted that "when claims were small or moderate[,] individual claimants frequently could not afford the cost of bringing an action in a foreign forum--thus, in effect making the company judgment proof." Id. at 223. *TH Agric. & Nutrition*, 488 F.3d at 1293-94. Large companies and the U.S. government should not be the only parties who can recover for harms caused by hacker-defendants as a result of digital currency trespasses or conversions.[11]

*Third Factor:* Litigating Plaintiff's claims in Colorado would be significantly more efficient than in any other forum.  As here, "[t]his factor may weigh heavily in cases where a Plaintiff's chances of recovery will be greatly diminished by forcing him to litigate in another forum because of that forum's laws or because the burden may be so

---

[11] *See*, *e.g.*, *Bose v. Interclick, Inc.*, 2011 U.S. Dist. LEXIS 93663, at *26-27 (S.D.N.Y. Aug. 17, 2011) ("Plaintiff's trespass to chattels claim regarding Interclick's placement of unauthorized Flash LSOs and history-sniffing code . . . is arguably sufficient to survive a motion to dismiss."); and *United States v. Hutchins*, 361 F. Supp. 3d 779, 799 (E.D. Wis. 2019) ("For example, if, as it is alleged, Hutchins promoted his malware to individuals in the Eastern District of Wisconsin, then he could reasonably foresee being haled before this Court for trial on that issue. *See United States v. Perlaza*, 439 F.3d 1149, 1168 (9th Cir. 2006) ('The nexus requirement is a judicial gloss applied to ensure that a defendant is not improperly haled before a court for trial.'). Whether Hutchins actually did any of the alleged conduct is a question for the jury.)." (citations and quotations omitted)

overwhelming as to practically foreclose pursuit of the lawsuit." *TH Agric. & Nutrition*, 488 F.3d at 1294 (citing *OMI Holdings, Inc.*, 149 F.3d at 1097). The burden on Plaintiff to bring a case in the U.K. would practically or actually foreclose pursuit of this or a similar lawsuit. Finding and serving Defendants in the U.K. was, alone, a substantial burden for Plaintiff (a lone individual).

*Fourth Factor:* The alleged torts occurred in Colorado where Oliver promoted the Malware, intruded on Mr. Schober's computer and his Bitcoin wallet, and assisted Defendants in stealing Mr. Schober's bitcoins. Moreover, most witnesses relevant to Plaintiff's Complaint are located in Colorado or at least in the United States. "Key to this inquiry are the location of witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation." Id. (citations omitted).

*Fifth Factor:* The fifth factor of the reasonableness inquiry "focuses on whether the exercise of personal jurisdiction by [the forum state] affects the substantive social policy interests of other states or foreign nations." *OMI Holdings, Inc.*, 149 F.3d at 1097. "[T]he Supreme Court has cautioned that 'great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.' Id. at 1097-98 (quoting *Asahi* [*Metal Industry Co. v. Superior Court*,] 480 U.S. [102,] 115 [(1987)]." *TH Agric. & Nutrition*, 488 F.3d at 1297. Oliver purposefully availed himself of the benefits of doing business in the United States and in Colorado by posting the Malware on Reddit and impacting Plaintiff's computer and bitcoins, which are sufficient to establish minimum contacts and this Court's personal jurisdiction over Oliver. The policy interests of Colorado and the United States outweigh the interests of the U.K. Additionally, common law

16

trespass, conversion, and conspiracy are derived from English common law, so the interests between nations are aligned in terms of preventing these torts.

The exercise of personal jurisdiction over Oliver is reasonable and conforms with due process and the notions of fair play and substantial justice. Oliver would not be forced to bear significant costs to defend himself in Colorado[12], and Oliver's minimum contacts with Colorado give Colorado good reason to provide its forum for resolving this dispute between Plaintiff and Defendants. As explained above, Oliver has sufficient contacts with Colorado, and moreover, witnesses relevant to Plaintiff's claims against Oliver are present in Colorado and, where they aren't, are almost entirely in the United States. It would be proper and not burdensome (on Oliver) for this Court to exercise personal jurisdiction over Oliver in light of the facts and law discussed above.

## **CONCLUSION**

There are sufficient facts to support the exercise of specific personal jurisdiction over Oliver, and this Court should exercise personal jurisdiction over Oliver. To rule otherwise would offend the notions of fair play and substantial justice, and leave Mr. Schober with no possible recourse against those who committed torts against him in the State of Colorado. Plaintiff respectfully requests that this Court deny Defendant Oliver Read's Motion to Dismiss.

---

[12] Plaintiff has already conveyed a genuine willingness to work with Oliver regarding U.S. court processes (*e.g.*, discovery production) and, as previously noted, depositions will be conducted by Zoom.

Dated: September 6, 2022.　　　　**THE LAW OFFICE OF ETHAN MORA**

　　　　　　　　　　　　　　　　By:　*/s/ Ethan E. Mora*　　　　　　　

　　　　　　　　　　　　　　　　Ethan E. Mora, Esq.

　　　　　　　　　　　　　　　　**THE LAW OFFICE OF ETHAN MORA**

　　　　　　　　　　　　　　　　1040 E. Herndon Ave.

　　　　　　　　　　　　　　　　Suite 202

　　　　　　　　　　　　　　　　Fresno, CA 93720

　　　　　　　　　　　　　　　　Phone: (559) 370-1485

　　　　　　　　　　　　　　　　Email: ethanmoralaw@pm.me

　　　　　　　　　　　　　　　　*Attorney for Plaintiff Andrew Schober*