IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01382-NYW-NRN

ANDREW SCHOBER,

Plaintiff,

v.

BENEDICT THOMPSON,
OLIVER READ,
EDWARD J. THOMPSON,
CLAIRE L. THOMPSON,
PAUL READ, and
HAZEL DAVINA WELLS

Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT OLIVER READ'S MOTION TO DISMISS (DKT. #57)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This matter is before the Court upon a Memorandum (Dkt. #58) referring Defendant Oliver Read's Motion to Dismiss (Dkt. #57). Plaintiff filed a response to the Motion to Dismiss (Dkt. #63). Mr. Read did not file a reply in support.

Importantly, Mr. Read previously filed a Motion to Dismiss (Dkt. #8) on June 28, 2021 (the "First Motion to Dismiss"). The First Motion to Dismiss sought dismissal of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that they were barred by the statute of limitations. (*See id.*) Judge Wang, who has been appointed District Judge[1], previously presided over the case as a magistrate judge with

---

[1] *See* Dkt. #52.

the consent of the parties. (*See* Dkt. #18.) On January 14, 2022, then-Magistrate Judge Wang partially granted and partially denied Mr. Read's First Motion to Dismiss (along with the motions filed by Hazel Davina Wells and the Thompson Defendants), finding that Plaintiff's claim for violation of the CFAA and Plaintiff's civil conspiracy claim, to the extent it was brought under the CFAA, were barred by the applicable statute of limitations. (Dkt. #33.) Plaintiff's remaining common law claims for conversion and trespass to chattels were allowed to proceed. (*Id.*)

Following Judge Wang's Order on his First Motion to Dismiss, Mr. Read filed his answer on January 31, 2022. He then filed the subject Motion to Dismiss (Dkt. #57) (the Second Motion to Dismiss) more than 6 months later, on August 22, 2022. The Second Motion to Dismiss argues that this Court lacks personal jurisdiction over Mr. Read and seeks dismissal under Rule 12(b)(2).

Mr. Read's Second Motion to Dismiss is procedurally barred as untimely by Rule 12(g), which requires that, with few exceptions, all Rule 12(b) defenses be consolidated into a single motion. Rule 12(g)(2) explains, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule *must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.*" (Emphasis added). The exceptions in 12(h)(2) and (3) do not apply to the present circumstance.

Rule 12(h)(1) further provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by: (a) omitting it from a motion in the circumstances described in 12(g)(2)."

These restrictions upon successive 12(b) motions were imposed to "eliminate unnecessary delay at the pleading stage." See 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1384 (3rd ed. 2004). In short, Rule 12(g) contemplates a single, pre-answer motion in which the defendant asserts all the Rule 12 defenses that are then available to it and generally precludes a second motion based on any Rule 12 defense or objection that the defendant could have but neglected to raise in the original motion. *See id.* at § 1385.

Because Mr. Read filed the First Motion to Dismiss seeking dismissal under 12(b)(6) and failed to assert (or even mention) lack of personal jurisdiction in that motion, the pending motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) is barred by the operation of Rule 12(g)(2) and 12(h)(1)(A) and the defense of lack of personal jurisdiction has been waived.[2] *See U.S. v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994) (holding that where claimant in civil forfeiture case had failed to object to personal jurisdiction in the first "defensive move" in a case, the defense of lack of personal jurisdiction is waived); *Travelers Cas. and Surety Co. of America v. Unistar Financial Serv. Corp.*, 35 Fed. Appx. 787, 789 (10th Cir. 2002) ("Rule 12 not only contemplates the lodging of certain defenses at the earliest point in a lawsuit, it mandates a waiver of those defenses if not presented at the first available opportunity."); *Servpro Indus., Inc. v. Woloski*, No. 3:17-CV-01433, 2019 WL 3552516, at *6 (M.D. Tenn. Aug. 5, 2019), *aff'd*, No. 21-5685, 2022 WL 633844 (6th Cir. Mar. 4, 2022) ("Under operation of Rule 12(h)(1)(A) and (g)(2), a party waives the

---

[2] Though Mr. Read proceeds pro se, a litigant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

defense of lack of personal jurisdiction under (b)(2) by omitting it from its first motion to dismiss.") (citations omitted).

Accordingly, it is hereby **RECOMMENDED** that Mr. Read's Motion to Dismiss (Dkt. #57) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), **and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Dated:      February 8, 2023
            Denver, Colorado                    _____
                                                N. Reid. Neureiter
                                                United States Magistrate Judge