<span style="color:red">Exhibit "A"</span>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.: 1:21-cv-01382-NYW
ANDREW SCHOBER,
Plaintiff,
v.
BENEDICT THOMPSON, OLIVER READ, EDWARD J. THOMPSON, CLAIRE L. THOMPSON, PAUL READ, and HAZEL DAVINA WELLS,
Defendants.

---

**PLAINTIFF ANDREW SCHOBER'S RESPONSES TO THOMPSON DEFENDANTS' SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFF**

---

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff Andrew Schober ("Plaintiff"), by and through his undersigned counsel, hereby objects and responds to the Thompsons Defendants' Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admission, (collectively, these "Requests") served on December 23, 2022. By responding to these Requests, Plaintiff does not waive, but instead expressly reserves, any and all objections to the admission into evidence, at trial or otherwise, of any responses to any request comprising to these Requests, or any documents that are admitted to be authentic.

**GENERAL STATEMENT AND OBJECTIONS**

1. Plaintiff is presently pursuing his investigation of the facts and law relating to these Requests. Plaintiff's objections and responses are based on the knowledge, information, and belief of Plaintiff at this time, as well as the documents in Plaintiff's possession, custody, or control. Therefore, the objections and responses are given without prejudice to Plaintiff's right to produce evidence of subsequently discovered facts or to add, modify, or otherwise change or amend the objections and responses or to rely on additional evidence at trial or in connection with any prehearing proceedings. Plaintiff reserves the right to supplement or amend his responses to these Requests as and when additional documents or information are discovered at any time up to and including the trial of this action.

2. These Requests do not define the term "stolen"; accordingly in these objections and responses, Plaintiff will, where appropriate, in a good faith effort to respond, interpret this term to mean "taken from Plaintiff's possession by either a person, persons, or a non-sentient thing (*e.g.*, a computer program)."

3. These Requests do not define the term "the malware" and Plaintiff objects to these Requests to the extent they seek to impose a definition or imply the significance of certain features

1

21. The following responses constitute Plaintiff's best information and belief at this time, based upon reasonable inquiry and the facts presently available and, except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Plaintiff has answered or objected to any of these Requests or part thereof should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such request, or that such answer or objection constitutes admissible evidence. The fact that Plaintiff has responded to part or all of any request is not intended and shall not be construed to be a waiver by Plaintiff of all or any part of any objection to any request.

Each and every general objection above is incorporated by reference into each and every specific response or objection set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request.

## I. REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**

*Produce any and all documents you received from any third-party pursuant to a subpoena issued to said third-party, specifically including, but not limited to, any documents you received from Bitfinex, Twitter, Reddit, GitHub, CryptoCompare, Coinbase, Steam, ShapeShift, YouTube, Facebook, Instagram, Google, the United States Attorney for the District of Colorado, and/or the Federal Bureau of Investigation.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections.

Subject to and without waiver of the foregoing objections, Plaintiff further answers as follows: Plaintiff will produce the documents responsive to this request which have not already been produced and are not protected by the privileges listed above. See SCHOBER_003032 to SCHOBER_003043, SCHOBER_002918 to SCHOBER_002961, and SCHOBER_003129 to SCHOBER_003235.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## II. INTERROGATORIES

**INTERROGATORY NO. 1**

*What date do you contend the interview between Mr. Schober and one or more agents of the Federal Bureau of Investigation summarized on the document you produced as SCHOBER_002927 to SCHOBER_002928 occurred?*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request on the ground that it seeks to mischaracterize the document produced by Plaintiff as SCHOBER_002927 to SCHOBER_002928, as a report that summarizes a single "interview" when this document, in fact, relates to multiple interactions, on multiple dates, between Plaintiff and the FBI.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: The document produced by Plaintiff as SCHOBER_002927 to SCHOBER_002928 reflects a summary of events that, among other interactions, recount the FBI's description of an interview between Mr. Schober and the FBI, which occurred on February 23, 2018.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## III. REQUESTS FOR ADMISSION

**REQUEST NO. 1**

*Admit that the document produced by you as SCHOBER_002919 to SCHOBER_002922 is an authentic copy of a report prepared by the Federal Bureau of Investigation ("FBI").*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request on the ground that the date range applicable to this request is vague, ambiguous, and lacking in specificity. In particular, Plaintiff contends that the document produced as SCHOBER_002927 to SCHOBER_002928 reflects, in part, the FBI's summary of interactions between Plaintiff and the FBI on various dates, as interpreted and documented by one or more FBI agents, not by Plaintiff himself.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Admitted. By way of clarification, however, Plaintiff does not contend that SCHOBER_002927 to SCHOBER_002928 accurately summarizes or reflects each and every statement Plaintiff has made to the FBI.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 2**

*Admit that on February 8, 2018 you called the FBI Public Access Line (PAL) Unit to report a computer intrusion via malware attack by an unknown subject resulting in a loss of 16 bitcoin.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request to the extent that it seeks admission as to who ("an unknown subject") or what (the Malware) caused Plaintiff's loss of his 16.4552 bitcoins, which

5

calls for a legal conclusion, and is conclusory and/or argumentative. Plaintiff further objects to this request to the extent it seeks discovery of Plaintiff's expert testimony prior to the time for such disclosure as set forth in the Court's Scheduling Order.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Partially admitted. Plaintiff admits that, on February 8, 2018, he reported to the FBI Public Access Line (PAL) Unit that a computer intrusion, which he stated he suspected was caused by "the Malware," resulted in his loss of 16.4552 bitcoins. Otherwise, this request is denied.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### REQUEST NO. 3

*Admit that you told the FBI that on February 7, 2018 you noticed a transfer that you attempted was intercepted by an unknown subject.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request on the ground that the term "unknown subject" is vague, ambiguous, and lacking in specificity. In particular, this request does not make clear whether "the malware" could be categorized as a "subject," or alternatively, whether the term "subject" refers only to a legally-cognizable entity. Plaintiff also objects to this request on the ground that the term "transfer," as used in this request, is lacking in specificity, as Plaintiff has alleged multiple transfers took place. Plaintiff further objects to this request to the extent that it seeks admission that, as of February 7, 2018, Plaintiff knew who ("an unknown subject") or what ("the Malware") caused his loss of bitcoins, which calls for a legal conclusion, and is conclusory and/or argumentative.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Partially admitted. Plaintiff admits that that he told the FBI that, on February 7, 2018, he noticed that his attempted transfer of 16.4552 bitcoins from one of his Bitcoin wallets to another, was apparently intercepted. Otherwise, this request is denied.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### REQUEST NO. 4

*Admit that you told the FBI that the malware is an address changer so it changed the destination of the transfer.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request to the extent that it seeks to impose a definition of "the malware" that is inconsistent with Plaintiff's understanding of the term, as well as to the extent it

6

seeks admission that "the malware" is "an address changer," which are legal conclusions, or conclusory and/or argumentative.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Admitted. By way of further response, Plaintiff told the FBI that he identified both the bitcoin address utilized by the Malware to intercept his bitcoins, and the address to which his bitcoins were subsequently sent.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 5**

*Admit that you told the FBI that the malware is called "the man in the middle" and you identified the bitcoin address to which your bitcoin was transferred.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request on the ground that it fails to separately set forth each matter as to which an admission is sought, as required by Rule 36(a)(2). Instead, this request presents at least two distinct compound issues within a single request ("you told the FBI that the malware is called 'the man in the middle' *and* you identified the bitcoin address to which your bitcoin was transferred.").

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Admitted. By way of further response, Plaintiff told the FBI that he identified both the bitcoin address utilized by the Malware to intercept his bitcoins, and the address to which his bitcoins were subsequently sent.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 6**

*Admit that on February 23, 2018, you met with an agent of the FBI and gave the FBI custody of your laptop.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Admitted.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

7

**REQUEST NO. 7**

*Admit that on February 25, 2018 you informed the FBI that your bitcoin had moved.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Admitted.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 8**

*Admit that the document produced by you as SCHOBER_002923 to SCHOBER_002928 is an authentic copy of a report prepared by the FBI.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Admitted. By way of further response, Plaintiff notes that SCHOBER_002923 to SCHOBER_002928 is a portion of the FBI's report, labeled in part, "complaint form."

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 9**

*Admit that on February 16, 2018, you called the FBI Public Access Line (PAL) Unit and provided additional information regarding the malware attack.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request on the grounds that the term "additional information" is vague, ambiguous, and lacking in specificity such that Plaintiff cannot in good faith respond to this request. Plaintiff also objects to this request as improper and unduly burdensome on the grounds that it attempts to incorporate facts and/or documents by reference (*i.e.*, "additional information") and cannot be admitted or denied by reference only to facts stated in this request.

After reasonable, good faith inquiry, Plaintiff is presently unable to admit or deny this request as written.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 10**

*Admit that on February 16, 2018, you told the FBI that you had hired a malware expert to help you examine your laptop.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request on the ground that the term "malware expert" is conclusory. Plaintiff also objects to this request on the ground that it seeks admission as to whether a person is or was an "expert," which is a legal conclusion. Plaintiff objects to this request to the extent that it seeks discovery of the identification of Plaintiff's designated expert witnesses prior to the time for such disclosure as set forth in the Court's Scheduling Order.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Partially admitted. Plaintiff admits that, in February 2018, he told the FBI he had hired someone he deemed qualified to help him examine his laptop. Otherwise, this request is denied.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 11**

*Admit that on February 16, 2018, you told the FBI that the malware expert was able to find the source of the malware on your laptop.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request on the ground that the term "malware expert" is conclusory. Plaintiff also objects to this request on the ground that it seeks admission as to whether a person is or then was an "expert," which is a legal conclusion. Plaintiff also objects to this request to the extent that it seeks discovery of the identification of, or topics upon which testimony may be offered by Plaintiff's designated expert witnesses prior to the time for such disclosure as set forth in the Court's Scheduling Order. Plaintiff further objects to this request on the grounds that the term "source," as used in this request, is vague and/or ambiguous. In particular, "source" could reasonably be understood as synonymous in meaning with the term "origin," or alternatively, with the terms "filepath," or "name," which may not have the same meaning.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Partially admitted. Plaintiff admits that, in February 2018, he told the FBI that he believed he could identify the name and filepath of the Malware on his laptop. By way of further response, Plaintiff contends he told the FBI, in February 2018, that the Malware's malicious payload was apparently created, updated, or published on January 23, 2018, and that on January 29, 2018, the Malware was downloaded to Plaintiff's laptop. Otherwise, this request is denied.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 12**

*Admit that on February 16, 2018, you told the FBI that the theft happened on January 29, 2018.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request on the ground that the date range applicable to this request is vague, ambiguous, and lacking in specificity. For instance, an event occurring after 4:00pm MST on any particular date would, according to UTC time, have occurred on the following date. Plaintiff also objects to this request on the ground that it seeks admission as to the definition of "theft," which is a legal conclusion. Plaintiff also objects to this request on the ground that the date when the "theft" "happened" is conclusory and/or argumentative, as it seeks to categorize the "theft" as one single event, rather than as various acts, as Plaintiff has alleged.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Partially admitted. Plaintiff admits that he told the FBI that the "theft" began on January 29, 2018. Plaintiff denies the remainder of this request. By way of clarification, Plaintiff told the FBI that, in February 2018, his bitcoins were transferred from a Bitcoin wallet stored in the Malware, to another Bitcoin wallet not stored in the Malware—accordingly, this "theft" could reasonably be interpreted by this request as being a distinct, or alternatively, the same continuing event constituting a different, or part of the same, "theft" that "happened" in January 2018.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 13**

*Admit that on February 21, 2018, you contacted the FBI and told the FBI that the malware came from a Reddit Link, and provided that link to the FBI.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request on the ground that it fails to separately set forth each matter as to which an admission is sought, as required by Rule 36(a)(2). Instead, this request presents at least two distinct complex questions within a single request ("Admit that . . . you contacted the FBI *and* told the FBI that the malware came from a Reddit Link, *and* provided that link to the FBI."). Plaintiff specifically objects to this request on the ground that the phrase "came from" is vague, ambiguous, and lacking in specificity, and seeks to mischaracterize certain facts.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Partially denied. Plaintiff denies the Malware "came from" a Reddit link. One of the links Plaintiff provided the FBI was post on Reddit, which included a link directing to a GitHub repository. Plaintiff admits the remainder of this request.

10

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 14**

*Admit that the documents you produced as SCHOBER_002930 to SCHOBER_002943 are authentic copies of documents you provided to the FBI in connection with your statements to the FBI.*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request to the extent it seeks an admission which is a legal conclusion. Plaintiff further objects to this request on the ground that it requires the disclosure of confidential information such as statements made by Plaintiff in his capacity as a victim in the context of a criminal investigation, prior to the entry of a suitable protective order.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Admitted.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 15**

*Admit that during the interview between Mr. Schober and one or more agents of the FBI summarized on the document you produced as SCHOBER_002927 to SCHOBER_002928, Mr. Schober told the FBI that on January 27, 2018 Mr. Schober saw a post on Reddit for a new bitcoin client called "Electrum Atom."*

**RESPONSE:** Plaintiff incorporates herein by reference his General Statement and Objections. Plaintiff specifically objects to this request on the ground that the term "new bitcoin client" is ambiguous and lacking in specificity. In particular, these Requests refer to "Electrum Atom" both as a "program," and also as a "client." Further explanation is needed regarding the meaning of the term "client" as that term is used in this request and/or employed elsewhere to these Requests. Plaintiff also objects to this request on the ground that it seeks admission as to the definition of "bitcoin client," which is a legal conclusion, or is argumentative and conclusory to the extent it seeks to improperly assume the existence of hypothetical facts that are incorrect.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Admitted. By way of further explanation, Plaintiff saw a post on Reddit regarding software labeled "Electrum Atom."

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change his responses and objections to this request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

11