<span style="color:red">Exhibit "C"</span>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No.: 1:21-cv-01382-NYW

ANDREW SCHOBER,

Plaintiff,

v.

BENEDICT THOMPSON, OLIVER READ, EDWARD J. THOMPSON, CLAIRE L. THOMPSON, PAUL READ, and HAZEL DAVINA WELLS,

Defendants.

___

**PLAINTIFF ANDREW SCHOBER'S RESPONSES TO THOMPSON DEFENDANTS' FIRST SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFF**

___

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff Andrew Schober ("Plaintiff"), by and through his undersigned counsel, hereby objects and responds to the Thompsons Defendants' Interrogatories, Requests for Production of Documents, and Requests for Admission, (collectively, these "Requests") served on August 29, 2022. By responding to these Requests, Plaintiff does not waive, but instead expressly reserves, any and all objections to the admission into evidence, at trial or otherwise, of any responses to these Requests, or any documents that are admitted to be authentic.

## GENERAL STATEMENT AND OBJECTIONS

1. Plaintiff is presently pursuing its investigation of the facts and law relating to these Requests. Plaintiff's objections and responses are based on the knowledge, information, and belief of Plaintiff at this time, as well as the documents in Plaintiff's possession, custody, or control. Therefore, the objections and responses are given without prejudice to Plaintiff's right to produce evidence of subsequently discovered facts or to add, modify, or otherwise change or amend the objections and responses or to rely on additional evidence at trial or in connection with any prehearing proceedings. Plaintiff reserves the right to supplement or amend his responses to these Requests as and when additional documents or information are discovered at any time up to and including the trial of this action.

2. These Requests do not define the term "stolen"; accordingly in these objections and responses, Plaintiff will, where appropriate, in a good faith effort to respond, interpret this term to mean to "taken from Plaintiff's possession by either a person, persons, or a non-sentient thing (*e.g.*, a computer program)."

amend, or add to the requirements as defined by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any Local Rules of Court and/or any order of this Court.

12. Plaintiff has made a good faith effort to respond to these Requests based upon the information and documents known at the present time. Plaintiff's investigation of the facts and available documents continues. Plaintiff expressly reserves the right to supplement his responses to reflect additional facts unearthed during discovery, and will do so if required by the Federal Rules of Civil Procedure.

14.  Plaintiff objects to the Definitions and Instructions to the extent they are not provided for or are not consistent with the applicable rules.

15. Plaintiff objects to these Requests to the extent that they request opinions other than facts, and to the extent that it calls for legal argument, conclusion, or characterization or documents or information currently available to Plaintiff. Any response by Plaintiff shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Plaintiff's instructions, definitions, or Requests.

16. Plaintiff objects to these Requests to the extent that they seek information that is not within Plaintiff's possession, custody, or control.

17. Plaintiff objects to these Requests to the extent that they call for the identification or disclosure of the contents of any document or communication containing confidential business information and/or personnel information about individuals who are not parties to this action. Plaintiff will produce such information subject to an appropriate protective order to be agreed upon by counsel.

18. The following responses constitute Plaintiff's best information and belief at this time, based upon reasonable inquiry and the facts presently available and, except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Plaintiff has answered or objected to any of these Requests or part thereof should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such Request, or that such answer or objection constitutes admissible evidence.  The fact that Plaintiff has responded to part or all of any Interrogatory is not intended and shall not be construed to be a waiver by Plaintiff of all or any part of any objection to any Request.

19. Each and every general objection above is incorporated by reference into each and every specific response or objection set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request.

## I. INTERROGATORIES

### INTERROGATORY NO. 1

*State the date on which you contend the Bitcoin alleged in the Complaint left your possession and state the value in U.S. dollars of the Bitcoin at the time it left your possession.*

**RESPONSE:** Plaintiff incorporates herein by reference its General Statement and Objections. Plaintiff specifically objects to this Interrogatory to the extent that it requests opinions other than facts, and to the extent that it calls for legal argument, conclusion, or characterization or documents or information currently available to Plaintiff. Plaintiff further objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes two discrete subparts. See Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to two separate requests.

Subject to and without waiving the foregoing objections, Plaintiff answers as follows: Plaintiff contends that on or about January 28, 2018, 16.4552 bitcoins left his possession. On January 28, 2018, one bitcoin was valued at $11,674.99 in U.S. dollars.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change its responses and objections to this Request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### INTERROGATORY NO. 2

*Describe your basis for calculating your claimed damages, including your money damages and your consequential damages.*

**RESPONSE:** Plaintiff incorporates herein by reference its General Statement and Objections.

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby identifies the following documents and records from which the answer to this Interrogatory may, in part, be ascertained: Schober_002977—Schober_003031.

Subject to and without waiving the foregoing objections, Plaintiff further answers as follows: Plaintiff has been dispossessed of 16.4552 bitcoins. Between February 2021 and December 2021, the U.S. dollar price of one bitcoin was approximately $68,000. Plaintiff was saving his bitcoins for use during this time period and suffered damages when he was deprived of his ability to utilize and/or exchange his 16.4552 bitcoins for U.S. dollars during this time period.

Plaintiff also suffered emotional damages, including severe anxiety and depression, mental anguish, and suffering as a result of Defendants' actions. These emotional damages have led directly to physical issues; for example, Plaintiff has had difficulty sleeping and other stress-related ailments. Additionally, the "Malware" (as identified and described in Plaintiff's Complaint) compromised Plaintiff's entire computer, rendering it completely useless. Consequently, Plaintiff had to purchase a new computer.

Furthermore, Plaintiff has already spent over $65,000 in legal and consulting fees in his investigation and pursuit of claims in this matter. He continues to incur legal and other costs and fees in this matter.

Moreover, Plaintiff has suffered losses including: (i) lost or diminished value of digital data; (ii) out-of-pocket expenses associated with the prevention, detection, and recovery of unauthorized use of Plaintiff's digital data and assets; (iii) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual consequences of Defendant(s)' actions and omissions, including but not limited to Plaintiff's lost time, at an estimated average loss of $125 per hour in lost labor hours, which he spent investigating the computer intrusion, theft, and purchasing and setting up new devices; scanning financial information; corresponding with criminal investigators and government officials; mitigating losses

Oliver Read was the culprit responsible for stealing Plaintiff's 16.4552 bitcoins, but Plaintiff later (in or about May 2019) learned of Defendant Benedict Thompson's involvement and connection to the theft. No earlier than December 2019 did Plaintiff discover the facts giving rise to his causes of action, which he alleges in this action.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change its responses and objections to this Request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**INTERROGATORY NO. 4**

*Explain your conclusion that "the Bitcoin blockchain record shows that in or about February 2018 Mr. Schober's cryptocurrency was transferred" to an address used by Defendants, as alleged in paragraph 40 of your Complaint.*

**RESPONSE:** Plaintiff incorporates herein by reference its General Statement and Objections. Plaintiff objects to this Interrogatory on the grounds that it seeks information that is unreasonably cumulative or duplicative of other discovery, and obtainable from some other source that is more convenient, less burdensome, or less expensive. In particular, because the Bitcoin blockchain is public, the record showing the transfers of Plaintiff's 16.4552 bitcoins is publicly-available. Plaintiff further objects to this Interrogatory to the extent that it seeks facts known and opinions held by an expert witness who will not testify at trial in this matter.

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby identifies the following documents and records from which the answer to this Interrogatory may, in substantial part, be ascertained: See Schober_000026—Schober_000050, Schober_000132—Schober_000139.

Plaintiff's discovery and investigation is ongoing, and Plaintiff reserves his right to supplement, alter or change its responses and objections to this Request, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**INTERROGATORY NO. 5**

*Identify every social media account you use, control, or are otherwise associated with, including without limitation any account with the following: Facebook, Twitter, Reddit, YouTube, WhatsApp, Instagram, WeChat, TikTok, SnapChat, Pinterest, Quora, LinkedIn.*

**RESPONSE:** Plaintiff incorporates herein by reference its General Statement and Objections. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

| Social Media Platform | User/Account Name |
|---|---|
| Facebook | Andrew Schober |
| Twitter | @NoWay76248552 |
| Reddit | Drewski1385 |