# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.: 1:21-cv-01382-NYW

ANDREW SCHOBER,

                Plaintiff,

       v.

BENEDICT THOMPSON, OLIVER READ,
EDWARD J.  THOMPSON, CLAIRE
L.  THOMPSON, PAUL READ, and HAZEL
DAVINA WELLS,

                Defendants.

---

**BENEDICT THOMPSON THOMPSON'S RESPONSES TO ANDREW SCHOBER'S**
**FIRST SET OF DISCOVERY REQUESTS**

---

       COMES NOW Defendant Benedict Thompson, by and through his attorneys, Cantafio & Song, PLLC, and submits his Responses to Plaintiff's First Set of Discovery Requests to Defendant Benedict Thompson ("Discovery Requests") pursuant to C.R.C.P. 33, 34, and 36 as follows:

### GENERAL OBJECTIONS

1. These general objections apply to each of the individual Discovery Requests and failure to repeat any general objection in any specific response to any Discovery Request is not a waiver of such objection. Benedict Thompson incorporates these general objections by reference in response to each and every Discovery Request.

2. These responses are made solely for purposes of this action.  Each response is subject to all objections and grounds that would require the exclusion of any statement or response herein if made in court, and all of such objections and grounds are reserved and may be interposed at the time of trial or any other proceeding in this action.

3. By responding to these Discovery Requests, Benedict Thompson does not waive any objection to the admissibility of the information contained in these responses and reserves the right to assert privilege claims to any privileged information or documents that may be produced inadvertently.  Upon notification of such inadvertent production, the information, shall immediately be returned to the undersigned counsel.

4. Benedict Thompson objects to these Discovery Requests to the extent that they call for the production of information that are not in his possession, custody or control, or is

information and documents that are protected from disclosure under the work product doctrine or the attorney-client privilege or other privileges/protections afforded by common law.  Benedict Thompson further objects to each Discovery Request that seeks information neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence.

5.  Benedict Thompson does not concede the relevance of any information being produced in response to any Discovery Request and expressly reserves all rights to object to the introduction in evidence of any responses on relevance or other grounds. Benedict Thompson reserves all objections to the admissibility of any produced documents or disclosed information, including, by way of example and not limitation, objections to authenticity, relevance, and materiality.  In addition, Benedict Thompson reserves the rights to object to further discovery and to the subject matter of these Discovery Requests.

6.  Benedict Thompson objects to these Discovery Requests to the extent they lack specificity, are unduly burdensome, or overbroad (as to scope, time, or otherwise) or otherwise attempt to exceed the scope of discovery, amend, or add to the requirements as defined by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any Local Rules of Court and/or any order of this Court.

7.  Benedict Thompson has made a good faith effort to respond to these Discovery Requests based upon the information and documents known at the present time.  His investigation of the facts and available documents continues, and accordingly, and reserves the right to supplement these responses.

8.  Benedict Thompson objects to this discovery to the extent that it seeks information that Andrew Schober ("Schober") already has in his possession, custody, or control over, or which is equally available to Schober through reasonable inquiry. Similarly, Benedict Thompson objects to this discovery as improperly duplicative and burdensome to the extent that it seeks information and documents previously produced.

9.  Benedict Thompson reserves the right to supplement his responses to reflect additional facts unearthed during discovery, and will do so if required by the Federal Rules of Civil Procedure.

10. Benedict Thompson objects to the Definitions and Instructions to the extent they are not provided for or are not consistent with the applicable rules.

11.  Benedict Thompson objects to this discovery to the extent that it requests opinions other than facts, and to the extent that it calls for legal argument, conclusion, or characterization or documents or information currently available to Benedict Thompson.

## I.   INTERROGATORIES

*INTERROGATORY NO.1*

State ALL ALIASES YOU used during the time period between January 1, 2017 and the date of YOUR RESPONSE, indicating when AND for which purposes (i.e., which websites, forums, services, platforms, exchanges, wallets, applications) YOU used each ALIAS.

**RESPONSE:**

| ALIAS | Purpose |
|---|---|
| **05BTHOMPSON@GMAIL.COM** | F1TV |
| **05.BTHOMPSON@GMAIL.COM** | F1TV |
| **05BTHOMPSON@GMAIL.COM** | Pinterest |
| **05BTHOMPSON@GMAIL.COM** | Ebay |
| **05BTHOMPSON** | Universal Credit |
| **05BTHOMPSON@GMAIL.COM** | ASOS |
| **BEANSUFC** | Twitch |
| **05BTHOMPSON@GMAIL.COM** | Trainline |
| **BENEDICT THOMPSONTHOMPSON2001@OUTLOOK.COM** | Outlook |
| **BEN.THOMPSON@WARWICK.AC.UK** | University of Warwick |
| **05BTHOMPSON@GMAIL.COM** | Ticketmaster |
| **05BTHOMPSON** | Steam |
| **BEAN** | Steam |
| **BENEDICT THOMPSON3267** | Snapchat |
| **05BTHOMPSON@GMAIL.COM** | TFWN Swift Go |
| **THOMPSON.BENEDICT THOMPSONJAMES@GMAIL.COM** | PayPal |
| **05BTHOMPSON@GMAIL.COM** | National Express |
| **05BTHOMPSON@GMAIL.COM** | Hotels.com |
| **05BTHOMPSON@GMAIL.COM** | Sheffield United |
| **BEN** | Teamspeak |
| **BEAN_BTC** | Reddit |
| **BENEDICT THOMPSONTHOMPSON** | Github |
| **BENEDICT THOMPSONUSHE** | Twitter |
| **BEN_THOMPSON1024** | Instagram |
| **THOMPSON.BENEDICT THOMPSONJAMES@GMAIL.COM** | LinkedIn |
| **THOMPSON.BENEDICT THOMPSONJAMES@GMAIL.COM** | Coinbase |
| **THOMPSON.BENEDICT THOMPSONJAMES@GMAIL.COM** | KuCoin |

| | |
|---|---|
| **05BTHOMPSON@GMAIL.COM** | Mercatox |
| **BEAN** | TradingView |
| **05BTHOMPSON@GMAIL.COM** | Bitfinex |
| **THOMPSON.BENEDICT THOMPSONJAMES@GMAIL.COM** | Bitfinex |
| **05BTHOMPSON@GMAIL.COM** | Bitgrail |
| **05BTHOMPSON@GMAIL.COM** | Gmail |
| **THOMPSON.BENEDICT THOMPSONJAMES@GMAIL.COM** | Gmail |
| **05BTHOMPSON@GMAIL.COM** | Coinbase |

*INTERROGATORY NO. 2*

IDENTIFY ANY exchanges, wallets, DEVICES, applications, platforms, websites, AND forms where AND in which YOU stored, held, AND maintained cryptocurrencies during the time period between January 1, 2017 and the date of YOUR RESPONSE.

**RESPONSE:**

- **Coinbase**
- **KuCoin**
- **Mercatox**
- **Bitfinex**
- **Bitgrail**
- **Electrum**
- **Jaxx**

*INTERROGATORY NO.3*

Describe YOUR relationship with OLIVER READ during the time period between January 1, 2016 and the date of YOUR RESPONSE.

**RESPONSE: Online acquaintances.**

*INTERROGATORY NO.4*

If YOU contend that, during the time period between January 1, 2016 and December 31, 2019, YOU developed malware for ANY purpose (including but not limited to research AND academic purposes), state ALL facts that support YOUR contention.

**RESPONSE: Benedict Thompson does not contend that, during the time period between January 1, 2016 and December 31, 2019, he developed malware for any purpose (including but not limited to research and academic purposes).**

*INTERROGATORY NO. 5*

If YOU contend that YOU did not contribute code to the MALWARE PROJECT, state ALL facts that support YOUR contention.

**RESPONSE:**

**See THOMPSON 000305 through THOMPSON 000309. These are of the first Java code that Benedict Thompson has ever written. This code was part of a university assignment in October, 2019. It demonstrates the cursory knowledge that Benedict Thompson had of the Java language at the relevant point in time.**

**Note the non-usage of 'switch' statements where they would be appropriate, failure to keep to Java variable naming standards, lack of code spacing, the use of round instead of floor with the "Random number between 0 and 3", lack of use of objects, besides the one given as part of the exercise and other features within the codebase which indicate a programming and Java novice. This is not indicative of being able to program "highly sophisticated" malware as alleged in section 33 of Plaintiff's complaint.**

**Before Benedict Thompson started University in October 2019, he had no knowledge of the Java programming language or the Object-Oriented Programming paradigm. Despite having now graduated University, Benedict Thompson would still not describe himself as being able to program "highly sophisticated" malware in any programming language.**

*INTERROGATORY NO. 6*

State YOUR education AND employment history (beginning from when YOU were 13 years old, up to date of YOUR RESPONSE.

**RESPONSE:**

- **Education:**
  - **St. George Catholic College: 2012-2017**
  - **St. Annes Sixth Form College: 2017-2019**
  - **University of Warwick: 2019-2022**
- **Employment:**
  - **Benedict Thompson is currently unemployed and claiming Jobseekers Allowance.**

## II.      REQUESTS FOR PRODUCTION OF DOCUMENT

*REQUEST NO. 1*

ALL COMMUNICATIONS between YOU AND ANY PERSON RELATED TO the INCIDENT.

**RESPONSE: Benedict Thompson objects that the Request is overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for production of "all communications between [Benedict Thompson] and any person related to the incident", regardless of time period and attorney-client privileged material.**

**Subject to and without waiving the foregoing objections, Defendant states: Documents responsive to this Request were previously disclosed to Plaintiff with Thompson Defendant's Initial Disclosures Under F.R.C.P. 26(a)(1), and Benedict Thompson has no further documents which are responsive to this Request.**

*REQUEST NO. 2*

ALL COMMUNICATIONS between YOU AND OLIVER READ during the time period between January 1, 2016 and the date of YOUR RESPONSE.

**RESPONSE: Benedict Thompson objects that the Request is overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for production of "all communications between [Benedict Thompson] and Oliver Read", regardless of the subject of the communication.**

**Subject to and without waiving the foregoing objections, Defendant states: Relevant, non-privileged documents, to the extent they exist, will be produced.  See THOMPSON 000023-024.**

*REQUEST NO. 3*

ALL DOCUMENTS RELATING TO cryptocurrency wallets (including wallets hosted AND maintained by third-parties) to which YOU had access during the time period between January I, 2017 and the date of YOUR RESPONSE.

**RESPONSE:**

**Relevant, non-privileged documents, to the extent they exist, will be produced.  See THOMPSON 000311 through THOMPSON 000728.**

*REQUEST NO. 4*

If YOU contend that, during the time period between January 1, 2016 and December 31, 2019, YOU did not develop ANY software code RELATED TO cryptocurrency, ALL DOCUMENTS that support YOUR contention.

**RESPONSE: Benedict Thompson does not contend that, during the time period between January 1, 2016 and December 31, 2019, he did not develop any software code related to cryptocurrency.**

*REQUEST NO. 5*

ALL DOCUMENTS AND THINGS that support the denials stated in YOUR ANSWER.

**RESPONSE: Relevant, non-privileged documents, to the extent they exist, will be produced.  See THOMPSON 000001 through THOMPSON 000728.**

*REQUEST NO. 6*

ALL non-privileged DOCUMENTS AND THINGS RELATING TO this Action.

**RESPONSE: Benedict Thompson objects that the Request is overly broad, unduly burdensome, and not proportionate to the needs of the case because it calls for production of "all documents and things related to this action", regardless of the subject matter of those communications or time limits.**

**Subject to and without waiving the foregoing objections, Defendant states: Relevant, non-privileged documents, to the extent they exist, will be produced.  See THOMPSON 000001 through THOMPSON 000728.**

### III.   REQUESTS FOR ADMISSION

*REQUEST NO. 1*

ADMIT that, during the time period between January 1, 2016 and the date of YOUR RESPONSE, YOU controlled the Bitcoin wallet with the public key hash, lBenedict ThompsonBLbmV J9LXkSwqiyWWf36XKTD1.

**RESPONSE: Admitted.**

*REQUEST NO. 2*

ADMIT that, during the time period between January 1, 2016 and the date of YOUR RESPONSE, YOU had control of the PGP Key with the fingerprint 6036 4E14 FB91 A18E CE63 5827 321D 4C1B EA16 A72A.

**RESPONSE: Admitted.**


*REQUEST NO. 3*

ADMIT that the Bitcoin wallet with the public key hash, 1Mb6H2d4Xu7m5LiW2abA4xvtX7yfFHLtyk, has never belonged to YOU.

**RESPONSE: Admitted.**


*REQUEST NO. 4*

ADMIT that the Bitcoin wallet with the public key hash, 1QGHJvJbsr1E3H9h3ajlxFRN2NZnhoz6aD, has never belonged to YOU.

**RESPONSE: Admitted.**


*REQUEST NO. 5*

ADMIT that, during the time period between January 1,2017 and December 31, 2019, YOU had an account with Bitfinex AND YOU were a Bitfinex customer/user.

**RESPONSE: Admitted.**


*REQUEST NO. 6*

ADMIT that PLAINTIFF never consented to YOU interfering with ANY of his property.

**RESPONSE: Benedict Thompson objects to this Request because it calls for speculation as to the Plaintiff's actions and state of mind as it relates to Plaintiff's property. Benedict Thompson is without sufficient information or knowledge as to the Plaintiff's actions, decisions, and state of mind as it relates to his property.**

**Subject to and without waiving the foregoing objections, Defendant states: Admitted.**

*REQUEST NO. 7*

ADMIT that, during the time period between January 1, 2017 and the date of YOUR RESPONSE, YOU had an account with Coinbase AND YOU were a Coinbase customer/user.

**RESPONSE: Admitted.**

*REQUEST NO. 8*

ADMIT that YOU associated with OLIVER READ during the time period between January 1, 2017 and December 31, 2020.

**RESPONSE: Benedict Thompson objects to this Request as unduly burdensome, vague, and overbroad, as it requests an admission that Benedict Thompson "associated" with Oliver Read. The word "associated" is vague and ambiguous and subject to varying interpretations, such that Benedict Thompson's definition of associated may differ from Plaintiff's definition. Subject to and without waiving the foregoing objections, Defendant states: Admitted.**

*REQUEST NO. 9*

ADMIT that YOU contributed code to ANY clipboard jacking malware (of ANY kind).

**RESPONSE: Denied.**

*REQUEST NO. 10*

ADMIT that, during the time period between January 1, 2017 and December 31, 2019, YOU generated income from buying, selling, AND exchanging cryptocurrencies.

**RESPONSE: Admitted.**

## CONCLUSION

Defendant Benedict Thompson reserves the right to amend and supplement the responses herein as necessary.

Respectfully submitted this 12th day of September 2022.

CANTAFIO & SONG PLLC

/s/Carl A. Hjort, III
Carl A. Hjort, III, Esq.
Attorneys for Defendant Benedict Thompson

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September 2022, a true and correct copy of the foregoing was served via email to all counsel of record.

/s/Carl A. Hjort, III