# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 1:21-cv-01382-NYW

ANDREW SCHOBER,
                Plaintiff,
    v.
BENEDICT THOMPSON, OLIVER READ, EDWARD J. THOMPSON, CLAIRE L. THOMPSON, PAUL READ, and HAZEL DAVINA WELLS,
                Defendants.

---

## BENEDICT THOMPSON'S RESPONSES TO ANDREW SCHOBER'S SECOND SET OF DISCOVERY REQUESTS

---

    COMES NOW Defendant Benedict Thompson, by and through his attorneys, Cantafio & Song, PLLC, and submits his Responses to Plaintiff's Second Set of Discovery Requests to Defendant Benedict Thompson ("Discovery Requests") pursuant to Fed. R. Civ. P. 33 and 36 as follows:

### GENERAL OBJECTIONS

1. These general objections apply to each of the individual Discovery Requests and failure to repeat any general objection in any specific response to any Discovery Request is not a waiver of such objection. Benedict Thompson incorporates these general objections by reference in response to each and every Discovery Request.

2. These responses are made solely for purposes of this action. Each response is subject to all objections and grounds that would require the exclusion of any statement or response herein if made in court, and all of such objections and grounds are reserved and may be interposed at the time of trial or any other proceeding in this action.

3. By responding to these Discovery Requests, Benedict Thompson does not waive any objection to the admissibility of the information contained in these responses and reserves the right to assert privilege claims to any privileged information or documents that may be produced inadvertently. Upon notification of such inadvertent production, the information, shall immediately be returned to the undersigned counsel.

4. Benedict Thompson objects to these Discovery Requests to the extent that they call for the production of information that are not in his possession, custody or control, or is

information and documents that are protected from disclosure under the work product doctrine or the attorney-client privilege or other privileges/protections afforded by common law.  Benedict Thompson further objects to each Discovery Request that seeks information neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Benedict Thompson does not concede the relevance of any information being produced in response to any Discovery Request and expressly reserves all rights to object to the introduction in evidence of any responses on relevance or other grounds. Benedict Thompson reserves all objections to the admissibility of any produced documents or disclosed information, including, by way of example and not limitation, objections to authenticity, relevance, and materiality.  In addition, Benedict Thompson reserves the rights to object to further discovery and to the subject matter of these Discovery Requests.

6. Benedict Thompson objects to these Discovery Requests to the extent they lack specificity, are unduly burdensome, or overbroad (as to scope, time, or otherwise) or otherwise attempt to exceed the scope of discovery, amend, or add to the requirements as defined by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any Local Rules of Court and/or any order of this Court.

7. Benedict Thompson has made a good faith effort to respond to these Discovery Requests based upon the information and documents known at the present time.  His investigation of the facts and available documents continues, and accordingly, and reserves the right to supplement these responses.

8. Benedict Thompson objects to this discovery to the extent that it seeks information that Andrew Schober ("Schober") already has in his possession, custody, or control over, or which is equally available to Schober through reasonable inquiry. Similarly, Benedict Thompson objects to this discovery as improperly duplicative and burdensome to the extent that it seeks information and documents previously produced.

9. Benedict Thompson reserves the right to supplement his responses to reflect additional facts unearthed during discovery, and will do so if required by the Federal Rules of Civil Procedure.

10. Benedict Thompson objects to the Definitions and Instructions to the extent they are not provided for or are not consistent with the applicable rules.

11.  Benedict Thompson objects to this discovery to the extent that it requests opinions other than facts, and to the extent that it calls for legal argument, conclusion, or characterization or documents or information currently available to Benedict Thompson.

## I. INTERROGATORIES

*INTERROGATORY NO.1*

State how and when YOU first met OLIVER READ.

**RESPONSE: Benedict Thompson is unsure of the exact date he met Oliver Read but believes they met in 2014, playing the online computer game "Garry's Mod."**

*INTERROGATORY NO. 2*

State YOUR contention as to the total value (in U.S. dollars) of ALL digital currencies in YOUR possession, regardless of where AND how stored, as of the following dates:
- December 31, 2017
- February 28, 2018
- the date of YOUR RESPONSE.

**RESPONSE: Benedict Thompson has no documents which state the exact amount of his cryptocurrency holdings on the dates listed, but makes the following good faith estimate of these holdings as follows:**

- **December 31, 2017- approximately $60,000**
- **February 28, 2018- approximately $100,000**
- **the date of YOUR RESPONSE - $0**

*INTERROGATORY NO.3*

If YOU contend YOU used ANY of the following Monero wallets during the time period from January 1, 2017 to the date of YOUR RESPONSE, state ALL facts that support YOUR contention:

- Monero Wallet GUI
- Cake Wallet
- Monerujo
- Exodus
- MyMonero
- Feather
- Edge

**RESPONSE: Benedict Thompson has no documents or facts which support his use of any of the Monero wallets listed in this interrogatory.**

<u>INTERROGATORY NO.4</u>

If YOU contend YOU used ANY of the following IP addresses during the time period from January 1, 2017 to the date of YOUR RESPONSE, state ALL facts that support YOUR contention:

- 86.148.41.41
- 86.190.146.247
- 86.158.127.169
- 86.158.130.54
- 86.190.246.88
- 86.157.207.83
- 86.155.45.16
- 86.158.168.227

**RESPONSE: Benedict Thompson's records indicate that he has used the following IP addresses:**

- **86.148.41.41**
- **86.190.146.247**
- **86.158.127.169**
- **86.190.246.88**
- **86.157.207.83**
- **86.158.168.227**

**Benedict Thompson does not contend that he has used the IP addresses 86.158.130.54 or 86.155.45.16**

## II.  REQUESTS FOR ADMISSION

<u>REQUEST NO. 1</u>

ADMIT that YOU transacted with at least one of the following cryptocurrency wallets:

- 3CWQ5d2XgCrYuz7F3g4fmhd6VQMv4iPio7
- 1Gqt6RTk7bj9hg6wD3rPM51HsFEQHcrGsc
- 1JrT4DePAThEHarvEiYyRu2x2anhMCsoPr

**RESPONSE: Denied.** Answering further, a review of Benedict Thompson's document and records showed no evidence that he had transacted with any of the wallets listed.

*REQUEST NO. 2*

ADMIT that the following RaiBlocks (NANO) address belongs to YOU:

xrb_3gdhow1a3ooq8ram9oyycm8dcepturgp6p96mkgmjxdb343dkxf5yf4nwh1w

**RESPONSE: Admitted.**

*REQUEST NO. 3*

ADMIT that YOU registered the following web domain name: www.thehen101.com

**RESPONSE: Denied.**

## CONCLUSION

   Defendant Benedict Thompson reserves the right to amend and supplement the responses herein as necessary.

Respectfully submitted this 23rd day of December 2022.

CANTAFIO & SONG PLLC

/s/Carl A. Hjort, III
Carl A. Hjort, III, Esq.
Attorneys for Defendant Benedict Thompson

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December 2022, a true and correct copy of the foregoing was served via email to all counsel of record.

/s/Carl A. Hjort, III

## VERIFICATION

I, Benedict Thompson, declare under penalty of perjury under the laws of the United States of America that the foregoing answers to interrogatories are true and correct to the best of my knowledge, information and belief.

Date: 12/22/22          Signature: _____