# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 1:21-cv-01382-NYW

ANDREW SCHOBER,
    Plaintiff,
  v.
BENEDICT THOMPSON, OLIVER READ,
EDWARD J. THOMPSON, CLAIRE
L. THOMPSON, PAUL READ, and HAZEL
DAVINA WELLS,
    Defendants.

_____

## BENEDICT THOMPSON'S RESPONSES TO ANDREW SCHOBER'S THIRD SET OF DISCOVERY REQUESTS

_____

  COMES NOW Defendant Benedict Thompson, by and through his attorneys, Cantafio & Song, PLLC, and submits his Responses to Plaintiff's Third Set of Discovery Requests to Defendant Benedict Thompson ("Discovery Requests") pursuant to C.R.C.P. 33, 34, and 36 as follows:

## GENERAL OBJECTIONS

1. These general objections apply to each of the individual Discovery Requests and failure to repeat any general objection in any specific response to any Discovery Request is not a waiver of such objection. Benedict Thompson incorporates these general objections by reference in response to each and every Discovery Request.

2. These responses are made solely for purposes of this action. Each response is subject to all objections and grounds that would require the exclusion of any statement or response herein if made in court, and all of such objections and grounds are reserved and may be interposed at the time of trial or any other proceeding in this action.

3. By responding to these Discovery Requests, Benedict Thompson does not waive any objection to the admissibility of the information contained in these responses and reserves the right to assert privilege claims to any privileged information or documents that may be produced inadvertently. Upon notification of such inadvertent production, the information, shall immediately be returned to the undersigned counsel.

4. Benedict Thompson objects to these Discovery Requests to the extent that they call for the production of information that are not in his possession, custody or control, or is

information and documents that are protected from disclosure under the work product doctrine or the attorney-client privilege or other privileges/protections afforded by common law. Benedict Thompson further objects to each Discovery Request that seeks information neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Benedict Thompson does not concede the relevance of any information being produced in response to any Discovery Request and expressly reserves all rights to object to the introduction in evidence of any responses on relevance or other grounds. Benedict Thompson reserves all objections to the admissibility of any produced documents or disclosed information, including, by way of example and not limitation, objections to authenticity, relevance, and materiality. In addition, Benedict Thompson reserves the rights to object to further discovery and to the subject matter of these Discovery Requests.

6. Benedict Thompson objects to these Discovery Requests to the extent they lack specificity, are unduly burdensome, or overbroad (as to scope, time, or otherwise) or otherwise attempt to exceed the scope of discovery, amend, or add to the requirements as defined by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any Local Rules of Court and/or any order of this Court.

7. Benedict Thompson has made a good faith effort to respond to these Discovery Requests based upon the information and documents known at the present time. His investigation of the facts and available documents continues, and accordingly, and reserves the right to supplement these responses.

8. Benedict Thompson objects to this discovery to the extent that it seeks information that Andrew Schober ("Schober") already has in his possession, custody, or control over, or which is equally available to Schober through reasonable inquiry. Similarly, Benedict Thompson objects to this discovery as improperly duplicative and burdensome to the extent that it seeks information and documents previously produced.

9. Benedict Thompson reserves the right to supplement his responses to reflect additional facts unearthed during discovery, and will do so if required by the Federal Rules of Civil Procedure.

10. Benedict Thompson objects to the Definitions and Instructions to the extent they are not provided for or are not consistent with the applicable rules.

11. Benedict Thompson objects to this discovery to the extent that it requests opinions other than facts, and to the extent that it calls for legal argument, conclusion, or characterization or documents or information currently available to Benedict Thompson.

## I. INTERROGATORIES

*INTERROGATORY NO.1*

List ALL geographic locations where YOU accessed the internet during each of the following date ranges:

- December 28-31, 2017
- November 10-12, 2017
- February 23-27, 2018

**RESPONSE: 5 Northlands Gardens for all date ranges.**

*INTERROGATORY NO. 2*

List ALL forms (ways, channels, means, sites, applications, methods) by which YOU communicated with OLIVER READ between January 1, 2017 and the date of YOUR RESPONSE.

**RESPONSE:**

- **Email**
- **Teamspeak**
- **Telegram**
- **Discord**
- **Steam**
- **Text**

*INTERROGATORY NO.3*

List ALL Internet Service Providers ("ISPs) (including VPNs and telecommunications companies) from which YOU received an IP address during the time period between January 1, 2016 and May 20, 2021.

**RESPONSE:**

- **Surfshark**
- **BT**
- **Virgin Media**
- **Toob**

*INTERROGATORY NO.4*

If YOU contend that YOU attempted to AND did decrypt one or more Electrum bitcoin wallet filed during the time period between January 1, 2016 and December 31, 2020, state ALL facts to support YOUR contention.

**RESPONSE: Benedict Thompson does not contend that, during the time period between January 1, 2016 and December 31, 2020, he decrypted any wallet.**

*INTERROGATORY NO. 5*

List ANY cryptocurrency wallets (by public key address) AND accounts (by reasonably specific description, e.g., "XYZ account for username abc123 with # of tokens") that YOU permanently or temporarily (for a period of a week or longer) were, are, or have been unable to access, indicating the dates AND reasons YOUR access became restricted.

**RESPONSE:**

- **Coinbase – March 2, 2022 – Terms of Service- Violation.**

*INTERROGATORY NO. 6*

State the nature of ANY relationship AND connection YOU have had to AND with persons, aliases, AND entities listed below:

- Henry Burchill
- Janders6
- Koanders6
- Sulaiman Hussain
- Jaydon Taylor
- James Scoular

**RESPONSE:**

- **Henry Burchill – Friend from school.**
- **Janders6 – Benedict does not know this person.**
- **Koanders6 – Benedict does not know this person.**
- **Sulaiman Hussain – Mutual acquaintance with Oliver Read.**
- **Jaydon Taylor – Mutual acquaintance with Oliver Read.**
- **James Scoular – Benedict does not know this person.**

## II.   REQUESTS FOR PRODUCTION OF DOCUMENT

*REQUEST NO. 1*

ANY DOCUMENT drafted AND compiled by YOU between January 1, 2015 and December 31, 2020 related to hacking or manipulating ANY device or system (including but not limited to private correspondence concerning, for example, cheating in computer games.)

**RESPONSE: Benedict Thompson does not have any responsive documents to this request.**

*REQUEST NO. 2*

ALL DOCUMENTS related to GitHub repositories YOU contributed to, interacted with, AND were following, watching or monitoring between January 1,2017 and December 31, 2018..

**RESPONSE: Plaintiff already possesses documents responsive to this Request. See SCHOBER_003032 – SCHOBER_003123.  The documents already in the Plaintiff's possession are a complete set and no further responsive documents exist.**

*REQUEST NO. 3*

ALL DOCUMENTS that support YOUR contention, in **Section I of YOUR Initial Disclosure**, that an individual named "Henry Burchill" of 31 Ilex Crescent, Southhampton, S031, United Kingdom," has knowledge of "cryptocurrency mining, design of software, and claims alleged by Plaintiff."

**RESPONSE: Benedict Thompson does not have any responsive documents to this request.**

*REQUEST NO. 4*

ANY DOCUMENTS upon which YOU relied in preparing YOUR RESPONSE to Request No. 10 of Plaintiff's **First Set of Requests for Admission to Benedict Thompson** (in which YOU admit that, during the time period between January 1, 2017 and December 31, 2019, YOU generated income from buying, selling, AND exchanging cryptocurrencies.

**RESPONSE: All documents responsive to this request were produced in Benedict Thompson's Response to Plaintiff's First Set of Discovery Requests. No further responsive documents exist.**

*REQUEST NO. 5*

ANY DOCUMENTS upon which YOU relied in preparing YOUR RESPONSE to Interrogatory No. 2 of Plaintiff's Second Set of Interrogatories to Benedict Thompson (in which YOU provide

estimates of the total U.S. dollar value of All digital currencies in YOUR possession on three separate date: December 31, 2017; February 28, 2018; the date of YOUR RESPONSE).

**RESPONSE: Benedict Thompson relied on websites,** https://coinmarketcap.com/ **and** https://nanoblockexplorer.com/explorer/account/xrb_3gdhow1a3ooq8ram9oyycm8dcepturgp6p96mkgmjxdb343dkxf5yf4nwh1w/history.

### REQUEST NO. 6

IDENTIFY ALL DOCUMENTS that YOU contend support YOUR RESPONSE to **Interrogatory No.6** of Plaintiff's **Third Set of Interrogatories to Benedict Thompson** (this set).

**RESPONSE: Benedict Thompson does not have any responsive documents to this request.**

### III.     REQUESTS FOR ADMISSION

### REQUEST NO. 1

ADMIT that the DOCUMENT produced as *THOMPSON_000512* shows that YOU used a device with an IP address in the range between 86.158.130.**0 – 255** (*i.e.*, 86.158.130.170).

**RESPONSE: Denied.**

### REQUEST NO. 2

ADMIT that, between February 24, 2018 and February 26, 2018, YOU used a device with an IP address in the range between 86.158.130.**0 – 255**.

**RESPONSE: Denied.**

### REQUEST NO. 3

ADMIT that the DOCUMENTS produced as *SCHOBER_003032 – SCHOBER_003043* reflect true and correct copies of official records prepared by the FBI.

**RESPONSE: Denied.**

### REQUEST NO. 4

ADMIT that on March 11, 2021, FBI Special Agent Kiersten Hitchcock drafted a report, referencing YOU, which states that "JamesandJohn" "is a username provided as an aka for

Benedict Thompson."

**RESPONSE: Denied.**

*REQUEST NO. 5*

ADMIT that YOU have used (or gone by) the alias, "JamesandJohn".

**RESPONSE: Denied.**

*REQUEST NO. 6*

ADMIT that YOU have used the alias, "thp2pk".

**RESPONSE: Denied.**

*REQUEST NO. 7*

ADMIT that YOU controlled AND used the email address, "thp2pk@protonmail.com".

**RESPONSE: Denied.**

*REQUEST NO. 8*

ADMIT that YOU have also been known as "TheHen101".

**RESPONSE: Denied.**

*REQUEST NO. 9*

ADMIT that, on multiple dates between January 1, 2017 and May 21, 2021, YOU intentionally disguised (hid, concealed, masked) the IP address of at least one device in YOUR control.

**RESPONSE: Benedict Thompson admits that he routed his internet through another location to appear in another country, but denies having hid, concealed, or masked the IP address.**

*REQUEST NO. 10*

ADMIT that, during the time period from January 1, 2017 to December 31, 2022, OLIVER READ sent YOU money.

**RESPONSE: Admitted.**

*REQUEST NO. 11*

ADMIT that YOU made at least one digital payment (*i.e.*, of money, virtual credit, cryptocurrencies, non-fungible digital tokens, digital contract rights) to OLIVER READ between January 1, 2017 and December 31, 2022.

**RESPONSE: Admitted.**

*REQUEST NO. 12*

ADMIT that YOU have gone by the alias "Robert Marley".

**RESPONSE: Denied.**

*REQUEST NO. 13*

ADMIT that YOU used the email address "annaadmams12@gmail.com".

**RESPONSE: Admitted. Benedict Thompson was one of many individuals to use the email address referenced in Plaintiff's Request No. 13.**

*REQUEST NO. 14*

ADMIT that, between January 1, 2015 and December 25, 2022, YOU registered at least one of the following web domains:
- gonerw2.com
- slickclient.com
- datgamingservers.com

**RESPONSE:**
- **Gonerw2.com: Denied**
- **slickclient.com: Denied**
- **datgamingservers.com: Admitted**

## CONCLUSION

Defendant Benedict Thompson reserves the right to amend and supplement the responses herein as necessary.

Respectfully submitted this 26th day of January, 2023.

CANTAFIO & SONG PLLC

/s/<u>Carl A. Hjort, III</u>
Carl A. Hjort, III, Esq.
Attorneys for Defendant Benedict Thompson

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

/s/<u>Carl A. Hjort, III</u>

## VERIFICATION

**I, Benedict Thompson, declare under penalty of perjury under the laws of the United States of America that the foregoing answers to interrogatories are true and correct to the best of my knowledge, information and belief.**

Date: 01/26/23            Signature: _____