IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01382-GPG-NRN

ANDREW SCHOBER,

    *Plaintiff,*

v.

BENEDICT THOMPSON, et al.,

    *Defendants.*

---

**THOMPSON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (ON DEFENDANTS' AFFIRMATIVE DEFENSES) [DOC. 84]**

---

    Defendants Benedict Thompson, Edward Thompson and Claire Thompson (collectively "the Thompsons"), by and through counsel Carl A. Hjort, III, of Robinson Waters & O'Dorisio, P.C., submit the within Motion to Strike Plaintiff Andrew Schober's ("Mr. Schober") Cross-Motion for Summary Judgment (On Defendants' Affirmative Defenses) [Doc. 84] and state and allege the following:

**CERTIFICATE OF CONFERRAL**

    Pursuant to D.C.Colo.L.CivR 7.1, the undersigned certifies that he emailed counsel for Mr. Schober on June 21, 2023 and followed up with a telephone voicemail on June 22, 2023 regarding the relief sought in this Motion. The Plaintiff's counsel has not responded to these attempts to confer dispute having over twenty-four (24) hours to do so. The Thompsons presume that the Plaintiff opposes the relief requested herein.

1

1. On May 30, 2023, Mr. Schober filed a Motion for Partial Summary Judgment Against the Thompsons [Doc. 79].

2. That same day, the Thompsons filed a Motion for Summary Judgment against Mr. Schober [Doc. 78].

3. In addition to filing a Response to the Thompsons' Motion for Summary Judgment, on June 20, 2023, Mr. Schober filed a second Cross-Motion for Summary Judgment against the Defendants, as to affirmative defenses ("the Cross-Motion").

4. The Cross-Motion is improper for several reasons, and the Court should strike it.

5. First, Judge Gallagher has adopted the Uniform Civil Practice Standards that Judges Arguello, Rodriguez, Sweeny and Wang have adopted.

6. Under those Civil Practice Standards, a party may only file a single motion for summary judgment. "Absent leave of the Court, which will only be granted in exceptional circumstances, a party may file only one motion for summary judgment." Civ. Practice Standard 7.1D(a).

7. Mr. Schober has not sought leave of the Court to file a second motion for summary judgment, nor has he demonstrated the "exceptional circumstances" that would support his filing of two (2) separate motions for summary judgment.

8. Second, the filing of the Cross-Motion is a transparent attempt to work around the Court's page limitations for summary judgment briefing.

9. Mr. Schober has presented thirty (30) pages of briefing in response to the issues raised in Thompsons' Motion for Summary Judgment, including ten (10) pages in the Response Brief [Doc. 83] and another twenty (20) pages in the Cross-Motion [Doc. 84].

10. Mr. Schober's Cross-Motion merely argues against the position taken by the Thompsons in their Motion for Summary Judgment; the Cross-Motion is merely a response brief dressed up as a motion.

11. Under the Civil Practice Standards, both motions for summary judgment and responses to such motions "shall not exceed twenty (20) pages." Civ. Practice Standard 10.1(c)(1).

12. The Thompsons followed these Civil Practice Standards and limited their Motion for Summary Judgment to only twenty (20) pages. It would be unfairly prejudicial to the Thompsons to allow Mr. Schober 50% more briefing on these issues than the Thompsons were afforded.

13. Additionally, it is wasteful of both the Thompsons' time and the Court's time to have to review and respond to these prolix arguments.

14. Third, the Cross-Motion for Summary Judgment is untimely.

15. The deadline for dispositive motions was May 30, 2023.[1] (See Doc. 54).

16. This Cross-Motion was filed after the dispositive motions deadline, and no attempt was made to extend that deadline.

---

[1] In the Scheduling Order this date is May 27, 2023, but since that fell on a Saturday and the following Monday was the Memorial Day holiday, the actual deadline was May 30, 2023.

For all the foregoing reasons, the Court should strike the Plaintiff's Cross-Motion for Summary Judgment [Doc. 84].

Respectfully submitted,

*/s/Carl A. Hjort, III*
Carl A. Hjort, III
Colorado Bar No. 42108
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
Telephone: 303-824-3192
Email: chjort@rwolaw.com
***Attorney for Defendants Benedict Thompson, Claire L. Thompson and Edward J. Thompson***

### CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. As such, this document was served on all counsel of record. I also served the *pro se* Defendants via email at the following addresses:

Oliver Read
Oliverread2001@gmail.com
Hazel Wells
Hazelwells44@gmail.com
Paul Read
Paulread66@aol.co.uk

/s/Carl A. Hjort, III
Carl A. Hjort, III