# EXHIBIT E

# Response to the discovery conferral letter

| | |
|---|---|
| From | Carl Hjort <chjort@rwolaw.com> |
| To | ethanmoralaw@pm.me |
| Date | Friday, May 5th, 2023 at 3:36 PM |

Ethan,

In response to the points in your letter of April 12, 2023, please note the following:

**Benedict Thompson**

### Discovery Set #1 to Benedict Thompson

Interrogatory #1: Supplemented in the attached.

Interrogatory #2: Supplemented in the attached.

Interrogatory #3: Benedict Thompson's position is that his original answer to Interrogatory #3 is fully responsive and does not require supplementation.  To the extent you now ask for communications between Benedict and Oliver Read, or information about alleged payments between them, those topics are outside the scope of what this interrogatory asks.

Interrogatory #5: Benedict Thompson's position is that his original answer to Interrogatory #5 is fully responsive and does not require supplementation.  This interrogatory asks for facts that support Benedict Thompson's contention that he did not contribute to any malware, and we have provided those facts.  If you have certain documents that contradict that position, and I certainly disagree that the Python programming you have documented has any relevance to our factual claims about Benedict's knowledge of the Java programming language, those are factual disputes between the parties.  That is not an appropriate basis for a discovery dispute.

Interrogatory #6: Supplemented in the attached.

RFP #2: Supplemented in the attached.

RFP #5: The documents you are requesting in your letter are far outside the scope of what this request calls for.  As to documents related to Benedict Thompson's Bitfinex account, this account has been locked by the Bitfinex, and Benedict cannot access any of the information that Bitfinex has about that account.  As to your claim that Benedict or Edward Thompson's tax records are responsive to this request, we do not agree.  If you wanted those tax records, you certainly could have made a specific request for them.  We do not think the tax records are relevant to the general question you ask in this request.

RFP #6: As with the preceding request, the documents you are requesting in your letter are far outside the scope of what this request calls for.  Again, we do not agree that Benedict or Edward Thompson's tax records are responsive to this request.  If you wanted those tax records, you certainly could have made a specific request for them.  We do not think the tax records are relevant to the general question you ask in this request.

## Discovery Set #2 to Benedict Thompson

Interrogatory #2: Benedict Thompson's position is that his original answer to Interrogatory #2 is fully responsive and does not require supplementation.  Your letter admits that this is a disputed fact.  I have confirmed with our client that his answer is correct and includes all exchanges/wallets.  This answer is fully responsive and not evasive.  A factual dispute such as this is not an appropriate basis for a discovery dispute.

Interrogatory #4: Benedict Thompson's position is that his original answer to Interrogatory #4 is fully responsive and does not require supplementation.  Your letter admits that this is a disputed fact.  Our answer is fully responsive and not evasive.  A factual dispute such as this is not an appropriate basis for a discovery dispute.

RFA #1: Benedict Thompson's position is that his original answer to RFA #1 is fully responsive and does not require supplementation.  I have confirmed that his position is that he has never transacted with the wallets listed.  Our answer is fully responsive.

## Discovery Set #3 to Benedict Thompson

RFA #1: Your request incorrectly characterizes the contents on THOMPSON_000512 and therefore we maintain our denial.  Your request wants an admission that Benedict Thompson has used the IP address 86.158.130.170, but that is not what is shown on THOMPSON_000512.  The IP address referred to in THOMPSON_000512 is 86.158.130.107.  The document THOMPSON_000512 speaks for itself, and we maintain our position that we will not admit to the mischaracterization of the contents of that document.

**Edward Thompson**

**"EXHIBIT E" - 3**

Discovery Set #1 to Edward Thompson

RFA #3: First, allow me to correct several misstatements in your contentions with respect to this request. The document identified as THOMPSON_000052 does not "reference Edward Thompson's '1N1 Wallet'" as you contend. That document merely states a wallet address, but it does not state anything about the ownership of the wallet associated with that address.  Further, I carefully reviewed your Chainalysis Reactor Graph, and I can find no reference to the 1N1 Wallet in that graph, contrary to your contention otherwise.  Edward Thompson does not recognize the 1N1 Wallet as a wallet he has ever used and he does not recall the reason that that address is set forth, with no other information, in THOMPSON_000052.  Edward Thompson's position is that his original answer to RFA #3 is fully responsive and does not require supplementation.

Discovery Set #2 to Edward Thompson

Interrogatory #1: Edward Thompson's position is that his original answer to Interrogatory #1 is fully responsive and does not require supplementation.  I have confirmed with our client that his answer is correct and includes all exchanges/wallets.  This answer is fully responsive and not evasive.  A factual dispute such as this is not an appropriate basis for a discovery dispute.

Interrogatory #2: Edward Thompson's position is that his original answer to Interrogatory #2 is fully responsive and does not require supplementation.  The documents you cited, THOMPSON_000302, THOMPSON_ 000297-298 and THOMPSON_000051, do not demonstrate sending or receiving cryptocurrency to or from Benedict Thompson. Edward Thompson gave Benedict permission to carry out cryptocurrency transactions on Edward's behalf, and the emails you referenced discuss transactions Benedict was authorized to perform on behalf of Edward, not transactions between the two of them.

Interrogatory #3:  Edward Thompson's position is that his original answer to Interrogatory #3 is fully responsive and does not require supplementation.  Benedict Thompson never had access to the Trezor wallet owned by Edward Thompson.  THOMPSON_000239, an email between Edward and Claire Thompson, certainly does not suggest that Benedict ever had access to the Trezor wallet.  Further, for the other documents which you reference, we have already noted that these documents refer to transactions Benedict was authorized to perform on behalf of Edward, not transactions between the two of them.

Discovery Set #3 to Edward Thompson

RFA #3: Edward Thompson's position is that his original answer to RFA #3 is fully responsive and does not require supplementation.  The documents you cited, THOMPSON_000302, THOMPSON_ 000297-298 and THOMPSON_000051, discuss transactions Benedict was authorized to perform on behalf of Edward, not transactions between the two of them.  These transactions were not initiated by Benedict they were simply completed by Benedict at Edward's instruction.

Thanks,

Carl

Carl A. Hjort, III, Esq.



1099 18th Street, Suite 2600
Denver, CO   80202

T:     303-824-3192
F:     303-297-2750
E:     chjort@rwolaw.com
Web:  www.rwolaw.com

This electronic mail transmission and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent, as indicated above.  Any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please delete the message and notify us by calling 303-297-2600 or emailing chjort@rwolaw.com.

**153.31 KB**   1 file attached1 embedded image

image001.png  11.07 KB     Benedict Supp First 042423.pdf  142.24 KB